## BRYAN v. BRYAN.

### Sac. No. 1016; October 11, 1902.

70 Pac. 304.

**Divorce—Time for Appeal.**—Under Code of Civil Procedure, section 939, allowing an appeal from a final judgment within six months from entry, where judgment was entered January 15, 1901, and notice of appeal served October 17, 1901, the appeal cannot be considered.

**Divorce—Questions Reviewable.**—The Question Whether a Judgment is the legal conclusion from the facts found cannot be considered on appeal from an order denying a new trial, but only on an appeal from the judgment.

**Divorce—Cruelty.**—In Divorce Plaintiff Testified That Defendant often, in the presence of others, accused her of being intimate with other men; that he had a venereal disease, and accused her of giving it to him; that he many times threatened to take the minor child away from plaintiff, and on one occasion took the child away for about two weeks and would not tell plaintiff where it was; that he called her a prostitute, and left her often without means of support; that she had to support herself; and that the conduct of defendant caused her mental suffering and bodily injury. Held, that such testimony sustained a finding of extreme cruelty.

**Divorce—Appeal.**—Where the Testimony is Conflicting, findings of fact thereon cannot be disturbed on appeal.

**Divorce—Motion for New Trial—Statement.**—The Statute Provides that when the notice of the motion for a new trial designates, as the ground of the motion, the insufficiency of the evidence to justify the decision, the statement shall specify the particular insufficiency. In divorce defendant, in his answer and cross-complaint, al-

leged acts of adultery with five men, and with others unknown to defendant, and the court found against defendant as to each charge. Defendant assigned that the evidence did not sustain the findings that plaintiff was entitled to a divorce, for defendant had pleaded and proved recrimination under Civil Code, section 122, and that a divorce should have been denied plaintiff for that reason. Held, that the assignment was insufficient to raise any question as to the sufficiency of the evidence.

**Divorce.**—In Divorce the Court Found That the Allegations of the complaint and cross-complaint as to the date of marriage were true, but that the allegations of the supplemental cross-complaint were untrue. The supplemental cross-complaint set up a charge of adultery, and "realleged every allegation in the cross-complaint." Defendant contended the findings were inconsistent. Held, that the contention was of no merit, there being no issue as to the date of marriage, nor necessity for a finding thereon.

**Divorce.**—On Appeal from an Order Denying a New Trial in divorce the supreme court has no power to modify the provision of the decree providing for the support of a minor child until its majority.

APPEAL from Superior Court, Yolo County; E. E. Gaddis, Judge.

Action by Frances Bryan against S. A. Bryan. From a judgment for plaintiff and from an order denying a new trial defendant appeals. Affirmed.

R. Clark for appellant; Arthur C. Huston and Harry L. Huston for respondent.

COOPER, J.—Action for divorce and custody of minor child. Findings were filed, and judgment thereupon entered in favor of plaintiff, awarding her the custody of the child. Defendant appeals from the judgment and order denying his motion for a new trial.

The judgment was entered January 15, 1901, and the notice of appeal was served and filed October 17, 1901. The appeal from the judgment was, therefore, not taken within six months after its entry, and cannot be considered: Code Civ. Proc., sec. 939. Nor can we consider the question as to whether or not the judgment is the legal conclusion from the facts found, for the reason that such question can only be raised by appeal from the judgment. We are therefore

confined to questions properly involved in the appeal from the order denying a new trial.

The complaint alleges facts showing extreme cruelty on the part of defendant toward plaintiff, and the court below found the allegations to be true. It is claimed that the finding as to extreme cruelty is not supported by the evidence, but we think the evidence of plaintiff is sufficient to sustain the finding. She testified that defendant often, in the presence of other parties, accused her of being intimate with other men; that he had a venereal disease, and accused her of giving it to him; that he many times threatened to take the minor child away from plaintiff, and on one occasion took the child away for a period of about two weeks, and would not tell plaintiff where it was; that he called her a prostitute, and left her often without means of support; that she had to follow dressmaking in order to support herself; that the acts and conduct of defendant caused her great mental suffering and bodily injury. The court below, by the finding, gave credence to the many acts narrated by the plaintiff, and under the rule we cannot disturb the finding.

The defendant, in his answer and cross-complaint, alleged five different acts of adultery committed by plaintiff with different men, and that at divers other times and places plaintiff "committed adultery with divers and sundry other men unknown to defendant." Defendant prayed for a decree of divorce against plaintiff upon these affirmative allegations. The court found against defendant as to every such allegation, and the findings are in no way attacked. There is no specification as to the insufficiency of the evidence to sustain either of said findings, or any portion of either. The only attempted assignment as to the insufficiency of the evidence to support the findings of the affirmative matters set forth by defendant is the following: "The evidence does not sustain the findings that plaintiff is entitled to a divorce, for the defendant pleaded and proved a case of divorce against plaintiff, which pleadings and proof amounted to a showing of recrimination under section 122 of the Civil Code of this state, and a divorce should have been denied plaintiff for that reason." It will be readily seen that the above is merely a statement to the effect that evidence does not sustain the conclusion of law that plaintiff is entitled to a divorce. It is true the reason is attempted to

be given in the statement that "defendant pleaded and proved a case of divorce against plaintiff." The defendant's grounds of divorce, as pleaded by him, consisted of several distinct acts of adultery, and the court found each allegation to be untrue. If the separate findings, or either of them, was not supported by the evidence, it was incumbent upon defendant to specify such finding, and the respects wherein the evidence was insufficient. Not having done so, we cannot examine the pleadings and proof in order to see whether the defendant proved "recrimination" under section 122 of the Civil Code. We must be governed by the findings. They can be attacked in the manner clearly pointed out in the code, and not otherwise. It has been the tendency of this court of late to look with great liberality upon specifications of insufficiency of evidence, but it has never been held that it was sufficient to say "the evidence does not sustain the findings." If we were to adopt such rule, it would set at naught the express provision of the code: "When the notice of the motion designates, as the ground of the motion, the insufficiency of the evidence to justify the verdict or other decision the statement shall specify the particulars in which such evidence is alleged to be insufficient."

The claim is made that the findings are contradictory in this: that the allegation of the complaint and cross-complaint to the effect "that plaintiff and defendant intermarried on the twenty-third day of November, 1894, and ever since have been, and now are, husband and wife," is found to be true, and elsewhere the court finds all the allegations of the second supplemental cross-complaint to be untrue. If we could consider the question on this appeal from the order denying a new trial, we think the finding would have to be held sufficient. The criticism is exceedingly hypercritical. The second supplemental cross-complaint "realleges each and every allegation in his original cross-complaint and first supplemental cross-complaint." In this way, and in this way only, is the former allegation of marriage realleged. The supplemental cross-complaint of itself contains only the single allegation as to adultery by plaintiff with one Brumfield on July 2, 1900. This the court found to be untrue. There was no issue made by the pleadings as to the marriage, and no necessity of any finding upon the question. The plaintiff

alleged it, and defendant did not deny it, but reiterated and alleged it in his cross-complaint and answer.

It is finally claimed that the court had no power to provide in the decree for the support of the minor child—a girl—until it should reach the age of twenty-one years. We cannot modify the judgment on this appeal from the order denying a new trial. If it goes beyond the power of the court in the respects pointed out, it can at any time be modified: Crater v. Crater, 135 Cal. 633, 67 Pac. 1049.

We advise that the appeal from the judgment be dismissed and the order denying a new trial affirmed.

We concur: Gray, C.; Smith, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal from the judgment is dismissed and the order denying a new trial affirmed.