[Sac. No. 833.   Department One.—February 28, 1902.]

## SADIE M. CRATER, Appellant, v. RICHARD CRATER, Respondent.

DIVORCE—CUSTODY OF CHILD—MODIFICATION OF DECREE—DISCRETION.— The court has power to vary and modify a decree of divorce as to the custody of minor children from time to time, as circumstances change; and its legal discretion in exercising such power, and the conclusion reached by it, will not be disturbed upon appeal, unless it clearly appears that its discretion has been abused.

ID.—FACTS CONSIDERED IN MODIFYING DECREE.—The court, in modifying the decree as to the custody of a child, proceeds upon new facts, considered in connection with facts formerly established, including the change of circumstances, the conduct of the parties, the morals of the parents, their financial condition, subsequent marriage, the age of the child, and the devotion of either parent to its best interest and the good of the child, which is the controlling force in directing its custody.

APPEAL from an order of the Superior Court of Solano County modifying a decree of divorce as to the custody of a minor child.   A. J. Buckles, Judge.

The facts are stated in the opinion.

John M. Gregory, for Appellant.

George A. Lamont, for Respondent.

COOPER, C.—Appeal from order modifying decree of divorce as to the custody of the minor child.   The parties

intermarried in July, 1895, plaintiff being then sixteen and defendant sixty-three years of age. The marriage did not prove to be a happy one, and in less than two years thereafter plaintiff commenced this action for a divorce, which was granted in June, 1897, on the ground of extreme cruelty. The decree awarded plaintiff the sum of three thousand dollars in full for alimony and her share of the property, granted her the custody of the infant daughter, Ethel, then less than one year old, and directed that defendant pay to her the sum of fifteen dollars per month for the support of the child for one year from date of the decree, and thereafter the sum of twenty dollars per month, until further order of the court. These sums were duly paid, and no fault is found with the decree up to the time of the order complained of here. The decree was, by consent of the parties, modified and amended in July, 1897, awarding the custody of the child to Mrs. Bailard, the mother of plaintiff, for one year, and directing the monthly allowance for its support to be paid her.

In January, 1900, the defendant made application to have the decree as to the custody of the child modified, by awarding the child to him. After hearing, the court set aside and annulled the portion of the former decree as to the custody of the child and the payment of the monthly allowance for its support, and awarded its custody to defendant until the further order of the court. It is claimed that the order is not justified by the evidence, and this is the main contention. We have examined the record carefully, and we think the court properly gave the custody of the child to defendant. It is well established that in divorce proceedings the court has the power to vary and modify its decree as to the custody of the minor children from time to time, as circumstances change. The court, in revising and modifying its decree, proceeds upon new facts considered in connection with the facts formerly established, the change of circumstances, the conduct of the parties, and the best interests of the child. The good of the child is regarded as the controlling force in directing its custody, and the courts will always look to this rather than to the whims and caprices of the parties. The morals of the parents, their financial condition, their subsequent marriage, the age of the child, and the devotion of either parent to its best interests are all factors to be weighed and considered by

the court. All such applications are addressed to the sound legal discretion of the court below, and its conclusion will not be disturbed here, except it should clearly appear that its discretion has been abused. In this case there is evidence which, if true, shows that on the evening of the day the divorce was granted, the plaintiff and one Buker proceeded to Reno, in the state of Nevada, and there intermarried, and ever since have been husband and wife; that plaintiff has a child, the issue of said marriage, which requires much of her time and attention; that after her marriage with Buker she consented that the custody of the child be given to Mrs. Bailard, her mother; that she has received the twenty dollars per month since the order has been in force for that sum, and has paid her mother less than five dollars per month of the amount, using the balance herself. On one occasion she said she had another twenty-dollar piece of Dick Crater's, the old s—— of a b——. Her husband said that he received the twenty dollars per month, and did not have to work.

The child at the time of the hearing of this motion was only about three and a half years old, but had learned to swear and use vulgar language. Plaintiff did not testify at the hearing, nor show that she intended to take the child to her own home. The defendant appears to be a man of some means, industrious, and of good character. The child is his only child, and he is amply able, and expresses his desire to take care of it and properly educate it. It is evident that the money paid for the support of the child by defendant should be used for its support, and not for the support of a new family acquired by plaintiff since her divorce from defendant.

The court was not required to instruct itself by adopting requested propositions of law, nor was it required to make findings of fact.

The order should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed. 　　　Garoutte, J., Van Dyke, J., Harrison, J.