[S. F. No. 1534.   Department Two.—May 16, 1906.]

## MINETTE D. BLACK, Respondent, v. LEWIS C. BLACK, Appellant.

DIVORCE—CUSTODY OF CHILD—DECREE UNDER STIPULATION OF PARTIES—MODIFICATION—POWER AND DISCRETION OF COURT.—The power of the court to modify a decree of divorce, in so far as it awards the custody of a child, conferred upon it by section 138 of the Code of Civil Procedure, is not affected or abridged by the fact that the original decree was made in accordance with a stipulation of the parties; and its sound discretion in modifying it after a hearing upon evidence, having in view the welfare of the child as the controlling factor, will not be disturbed upon appeal where no clear abuse of discretion appears.

APPEAL from a modified decree of the Superior Court of the City and County of San Francisco.  Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

J. R. Welch, for Appellant.

Henry Ach, for Respondent.

LORIGAN, J.—In this action, which was for a divorce, the parties having entered into an agreement to that effect, the court in its original decree in favor of plaintiff, entered in March, 1900, awarded the custody and control of the minor son of the parties to the defendant, with leave to plaintiff

to visit said child at reasonable times and to have the child visit at her home six months in the year. In February, 1903, the court, on application of plaintiff for a modification of said original decree so as to award the custody and control of said child to her, and after hearing, at which evidence was presented on both sides, modified said decree and awarded the care, education, and control of said child (then seven years of age) to plaintiff, with leave to defendant to visit the child at reasonable times and to have him spend his vacations with him. It is from this modified decree that this appeal is taken.

While it is insisted that the modification of the decree was not justified by the evidence, we do not think the point calls for any special notice, or that it is necessary to review the evidence presented in the bill of exceptions. All applications of the character here involved are addressed to the sound discretion of the lower court, and the conclusion it reaches will not be disturbed unless the record presents a clear abuse of that discretion. We perceive no such abuse. There was no question raised as to the morals of either parent; in fact, it was conceded that they were both persons of moral worth. But, upon all other matters affecting the best interests of the child, particularly as to its physical necessities and comforts and the ability of either parent to best provide for them, the evidence which was presented, solely upon affidavits, was radically conflicting. If that presented on behalf of the mother was accepted by the lower court, and it undoubtedly was, that tribunal, having in view the welfare of the child as the controlling factor in directing its custody, was warranted in making the order and we may not disturb it.

It is also insisted by appellant that the provision in the original decree awarding the custody of the child to defendant, being made in pursuance of a stipulation of the parties in the nature of a contract, the court had no power, upon application of the plaintiff, to modify it, and refers to *Sargent* v. *Sargent,* 106 Cal. 541, [39 Pac. 931], as sustaining his claim. This case, however, has no application. The contract there under consideration was one relative to the custody of the minor child provided for in the articles of separation executed by the parents pursuant to section 159 of the Civil Code, which contract the court held binding and obligatory until avoided by the mutual resumption of marital duties, or the divorce

CXLIX Cal.—15

of the parties, the court further declaring, however, that "in the event of a divorce being granted . . . the question of the custody of the minor would be left at large for the disposition of the court, the same as if the contract had not existed." The power of the court to vary or modify its decree in divorce proceedings as to the custody, care, and education of the minor children whenever it may seem to it necessary or proper is provided for by section 138 of the Civil Code, and we are not aware of any authority which holds that the power of the court to subsequently modify such decree is abridged because it adopts the agreement of the parties as to the present disposition to be made of the children. A decree based upon such an agreement as to custody is simply provisional. The court is not required to award the custody of the children in conformity to it. It does so only because the parents, in view of a judicial separation and solicitous for the welfare of their offspring, have the greatest interest in determining which of them can best care and provide for them in the future, and an agreement prompted by these considerations is generally approved and adopted by the court and made part of the decree. The decree, however, made in pursuance to the agreement is subject to the power of modification authorized by the statute. The children are not parties to the action for divorce, and the jurisdiction which the statute confers on the court, to be exercised, from time to time as changed conditions or circumstances may require, in protecting their interests, cannot be limited or abridged by the contract of the parties made pending the divorce litigation which the decree follows, or by the action of the court in originally approving and adopting it.

The judgment appealed from is affirmed.

Henshaw, J., and McFarland, J., concurred.