[Civ. No. 1139. Third Appellate District.—July 5, 1913.]

## GEORGE W. SIMMONS, Respondent, v. ELLA L. SIMMONS, Appellant.

Divorce—Custody of Children—Discretion of Court.—By the enactment of section 138 of the Civil Code the legislature intended to confide to trial courts, in the disposition of the minor children of the parties to divorce actions, a very extensive discretion, with a view to the conservation of the highest and best interests of such minors, and the conclusion arrived at by such courts in such cases will not be set aside, unless the record discloses a clear abuse of that discretion.

Id.—Award of Children to Mother—Modification of Order so as to Award Them to Father.—Where a decree of divorce has awarded the custody of a minor child to the mother, it is not an abuse of discretion for the court subsequently to modify the decree by awarding the custody to the father, if it appears that the divorce was granted to him because of the improper conduct of the mother with a man whom she thereafter married.

Id.—Motion to Modify Decree—Consideration of Evidence Taken at Trial.—If the judge who hears the motion for an order modifying the decree of divorce, so as to change the custody of the child, heard and decided the divorce action, he may consider not only the evidence adduced on the hearing of the motion but also the evidence taken at the trial of the action.

Id.—Conflicting Testimony—Conclusiveness of Finding by Trial Court.—If the affidavits and testimony of the contending parties are conflicting on the hearing of the motion, the conclusion of the trial court as to the truth of the ultimate proposition submitted is binding upon the appellate court.

Id.—Custody of Child—Considerations Controlling Its Award.—While it is true that, naturally and presumptively, the mother is entitled to the custody and care of minor children of tender years, it is equally true that the good of the child is regarded as the controlling force in directing its custody. Therefore, when the mother is awarded the custody of children until further order, on motion and sufficient cause shown by evidence, the court may modify its decree and award the care and custody to the former husband, until further order.

Id.—Payments for Support of Child—Absolving Father from Liability to Make.—Where the mother has remarried after being awarded the custody of a child, the court may, in its subsequent order changing the custody to the father, absolve him from the pay-

ment of money to the mother for the support of the child. Such money should be used for the support of the child, not for the support of the new family acquired by the mother after the divorce.

ID.—FINDINGS NOT NECESSARY TO ORDER CHANGING CUSTODY OF CHILD.—Findings are not essential to support an order modifying a decree of divorce by changing the custody of the children.

APPEAL from an order of the Superior Court of Nevada County modifying a decree of divorce in the matter of the custody and support of minor children. Geo. L. Jones, Judge.

The facts are stated in the opinion of the court.

John R. Tyrrell, for Appellant.

Nilon & Arbogast, for Respondent.

HART, J.—On the twenty-fifth day of August, 1910, in the superior court in and for the county of Nevada, the plaintiff commenced a suit for a decree dissolving the matrimonial bonds subsisting between him and the defendant. The ground upon which the divorce was prayed for was extreme cruelty, consisting largely of alleged improper conduct of the defendant with one J. W. Frank, who, for a long time prior to the institution of the suit, resided and worked in the neighborhood in which the plaintiff and the defendant lived. The complaint did not directly charge that the defendant and said Frank were guilty of adulterous relations, but alleged that the defendant became enamored of Frank, held clandestine meetings with him and that the two surreptitiously exchanged letters containing language and the expression of sentiments wholly unbecoming a married woman. The complaint contained other allegations disclosing unseemly relations between the defendant and Frank and which came to the knowledge of the plaintiff, and alleged that the latter made futile efforts to dissuade the defendant from carrying on and continuing such relations. In a word, the sum and substance of the complaint was that the alleged acts of cruelty by the defendant upon which the plaintiff relied for a decree were the direct result of the relations which were alleged to have been maintained between the defendant and said Frank for a long time immediately anterior to the commencement of the action.

22 Cal. App.—29

The answer contained a specific denial of the allegations of the complaint and charged certain acts of cruelty by the plaintiff toward the defendant.

The cause was tried by the court, on November, 17, 1910, and, on the nineteenth day of December, 1910, an interlocutory decree was rendered and entered, declaring the plaintiff to be entitled to a divorce from the defendant upon the ground of extreme cruelty.

At the time of the rendering of the interlocutory decree, the issue of the plaintiff and the defendant consisted of two boys, viz.: Raymond J. Simmons, aged eleven years, and Harold G. Simmons, aged eight years, and by the decree the custody of the elder of the two said minors was awarded to the plaintiff and that of the younger child to the defendant, "each case subject to the further order of the court." The decree further provided for the payment by the plaintiff to the defendant of the monthly sum of fifteen dollars for the education and maintenance of said minor child, Harold G. Simmons; "that all the community property of plaintiff and defendant be awarded to plaintiff, provided, however, that plaintiff shall pay to defendant within thirty days after the date when he shall, by law, be entitled to a final decree of divorce herein, the sum of five hundred dollars," etc.

On the twelfth day of January, 1912, the court entered its final decree granting the plaintiff a divorce from the defendant, said decree following the terms of the interlocutory decree.

On May 24, 1912, plaintiff gave and filed a notice of a motion for an order, modifying the final decree in said action "to the extent that plaintiff be awarded the custody of Raymond J. Simmons and Harold G. Simmons, and that plaintiff be no longer required to pay to defendant the sum of fifteen dollars as alimony." This notice was accompanied by a copy of an affidavit which was to be and was used in support of said motion. In due time the defendant filed a counter affidavit, in which, additionally to a specific denial of the facts alleged in the affidavit of the plaintiff, some affirmative showing was made against the propriety of the allowance of the motion.

The motion came up for hearing on the seventeenth day of June, 1912, and the court, having received oral testimony in

addition to the affidavits above referred to, on the first day of July, 1912, made and caused to be entered an order modifying the decree in accordance with the tenor of the motion and which modification reads as follows: "It is further adjudged and decreed that plaintiff, George W. Simmons, be and he is hereby awarded the custody of said minor children, Raymond J. Simmons and Harold G. Simmons, the issue of the said marriage of plaintiff and defendant, and that plaintiff is relieved from the payment to defendant of any moneys for their support, education and maintenance. That plaintiff, George W. Simmons, permit said minor children to visit defendant, their mother, at reasonable times when such visits shall not interfere with said minors' school work. It is expressly ordered that during each summer vacation of school said minors be permitted to visit defendant for at least one month whenever defendant may desire them to do so."

The defendant brings the case to this court upon an appeal from so much of the order modifying the decree as awards to the plaintiff the custody of the minor children and as relieves him from the further payment to the defendant of any moneys for the support, education, and maintenance of said children.

The attack upon the order from which this appeal is prosecuted is founded upon the alleged insufficiency of the evidence to justify the modification of the divorce decree in the particulars here complained of.

The authority of the court to change or modify its decree in divorce cases, so far as the custody and the care, education, and maintenance of the minor children are concerned, whenever the proper occasion for such modification arises, is found in section 138 of the Civil Code, whereby it is provided: "In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

It is manifest that the legislature, by the foregoing enactment, intended to confide to trial courts, in the disposition of the minor children of the parties to divorce actions, a very extensive discretion, with a view to the conservation of the

highest and best interests of such minors, and the conclusion arrived at by such courts in such cases will not be set aside unless the record discloses a clear abuse of that discretion. (*Black* v. *Black*, 149 Cal. 224, 225, [86 Pac. 505].)

The important question here, then, is: Does the record show an abuse of discretion by the court in its order modifying the decree in the particulars referred to?    We cannot so declare.

In the proceedings upon the motion for a modification of the decree and in reaching a determination therein, the trial court, having heard and decided the divorce action, it also appearing that the same judge presided in both proceedings, was authorized to consider, not only the proofs adduced in the proceeding from which this appeal directly flows, but also the testimony taken at the trial of the suit for divorce. In other words, in revising and modifying its decree, it "proceeds upon new facts considered *in connection with the facts formerly established,* the change of circumstances and the best interests of the child." (*Crater* v. *Crater*, 135 Cal. 634, [67 Pac. 1050].)

The character or nature of the evidence addressed to the support of the charges preferred against the defendant by the plaintiff in his complaint for divorce does not appear in this record. Nor were there findings filed in said action, they having been waived. But, as has been shown, although the general ground upon which the plaintiff predicated his right to a legal separation from the defendant was that of extreme cruelty, the complaint nevertheless disclosed that the "extreme cruelty" thus relied upon consisted, in the main, of acts and conduct upon the part of the defendant which, if well founded, were not only sufficient to establish the charge of cruelty but to establish the belief that she entertained an exceedingly indifferent regard for her obligations as a wife. It is to be assumed that testimony was offered and received at the trial of the action in proof of the acts and conduct so alleged, for, without such proof, the ultimate fact could hardly well have been sustained, since, as stated, such acts and conduct constituted almost all that the complaint contained as to extreme cruelty. The court in this proceeding no doubt considered, as it had the right to do, the facts thus developed in connection with those disclosed by the affidavits

used on the motion and the oral testimony advanced in corroboration of said affidavits.

A brief examination of the testimony brought out on the hearing of the motion for the modification of the decree will show that, independently of any consideration of the extent of the discretion vested in trial courts in such matters, the court was fully justified in making the order appealed from.

It appears from the evidence received herein that the plaintiff, in the month of March, 1912, again married, and that, in the month of April, 1912, the defendant intermarried with the J. W. Frank mentioned in the complaint.

The affidavit of the plaintiff in substance states: That the plaintiff has a comfortable home in the county of Nevada and that he is able and willing to properly care for, support and educate said minor, Harold G. Simmons; that said minor children are attached to each other and are both anxious to live and grow up together; that both said children, being now of the ages of thirteen and nine years, respectively, "need the care and attention of their father, your affiant, and that it would be for the best interest of each of said children that they be kept together during their boyhood"; that the W. J. Frank, with whom the defendant, since the entry of the final decree of divorce, had intermarried, was "the same person who broke up the home of this plaintiff and defendant, and who during the coverture of plaintiff and defendant caused defendant to disregard her marriage vows, and heap upon this plaintiff great humiliation and grievous mental suffering"; that "at times it is burdensome for this affiant to pay the alimony which he is compelled, under the decree of this court, to pay, and that it would be less expensive to maintain the two boys in his own household than to support them separately." It is further stated in said affidavit that the plaintiff, on the occasion of a visit to his son, Harold G., at the home of the defendant, in San Francisco, was denied the privilege of seeing said minor alone or visit with him as he desired; that the defendant refused to permit said minor to visit plaintiff and the former's brother Raymond J. Simmons, at Grass Valley, although said minor desired to make such visit. The plaintiff declared that his present wife is "an affectionate, capable and prudent woman," and has "taken excellent care of my older son, Raymond, and seems to have a warm affection for

him. She is willing to care equally well for the younger boy, Harold, and she is anxious to have him in her care.'' The plaintiff supplemented his affidavit with oral testimony in the course of which he said that he was apprehensive that, if the younger boy were raised under the supervision of the man who was the cause of the separation and divorcement of himself and the defendant, "his home life will have become changed and in a manner not conducive to his general welfare.''

The affidavit of the defendant denies the material statements contained in the plaintiff's affidavit and her oral testimony is contradictory to the showing made in support of the motion. It is not necessary to set forth in this opinion the facts to which she deposed and testified, for the effect of her denials and affirmative showing is merely to create a conflict in the proofs, in which state of the testimony the conclusion of the trial court as to the truth of the ultimate proposition submitted for decision is binding upon this court.

Clearly, upon the record before us, it cannot be held, as before declared, that the trial court, familiar as manifestly it was with all the circumstances of the case from its inception and in a position to see and hear the parties themselves and thus to some extent form its judgment as to the merits or demerits of their respective claims, was guilty of an abuse of the discretion which the statute has committed to it in the decision of the ultimate question presented in this proceeding.

There is no charge or even intimation that the plaintiff is an unfit person to have the care, custody, and training of the minors, and, in justice to the defendant, it may be added that there is no *direct* charge that she is not a fit and proper person to have such custody and control. But the fact stands out very plainly and prominently in this record that the plaintiff in the divorce action was the innocent party and that the defendant's conduct during her married life toward the plaintiff, as described in the complaint, was not such as to commend itself to the favorable consideration of the court in a matter as to which the law vests it with a discretion. (See Stewart on Marriage and Divorce, sec. 402.)

It is true, as counsel for the defendant declares, quoting from *Luck* v. *Luck,* 92 Cal. 653, 654, [28 Pac. 787], that "naturally and presumptively, the mother is entitled to the

custody and care of minor children of tender years''; but it is equally true, as is said in *Crater* v. *Crater,* 135 Cal. 634, [67 Pac. 1050], that ''the good of the child is regarded as the controlling force in directing its custody, and the courts will always look to this rather than to the whims and caprices of the parties.'' Therefore, ''when the mother is awarded the custody of children, until further order, on motion and sufficient cause shown by evidence, the court may modify its decree and award the care and custody to the former husband, until further order.'' (*Baker* v. *Baker,* 139 Cal. 626, 627, [73 Pac. 469]; *Russell* v. *Russell,* 20 Cal. App. 457, [129 Pac. 467], a case decided by this court and in its facts, with the exception of those as to the specific acts of the alleged misconduct of the defendant here, quite similar to the case at bar.)

As to that portion of the order absolving the plaintiff from further liability for the payment of moneys to the defendant for the support and education of the minor, it may be observed, in the language of the supreme court, that ''it is evident that the money paid for the support of the child by the defendant should be used for its support, and not for the support of a new family acquired by plaintiff since her divorce from defendant.'' (*Crater* v. *Crater,* 135 Cal. 634, [67 Pac. 1050].)

The contention that the order appealed from should have been supported by findings that the best interests of the minor would be better subserved by awarding the custody thereof to the father rather than to the mother cannot be maintained. In actions for divorce, the court, under section 138 of the Civil Code, is vested with a continuing jurisdiction, insofar as are concerned the care, custody, maintenance, and the education of the minor children. This power is properly vested in the court so that the best interests of the minor children may be determined by one whose judgment is the result of an impartial consideration of the conditions and circumstances characterizing the situation. The paramount consideration is, as before stated, the welfare of the child, and this the court must decide from all the facts of which it has obtained knowledge in a competent manner. And the superior court will exercise this jurisdiction over the minor children even though the pleadings contain no specific allegations as to the fitness of

the respective parties, or their ability or willingness, to care for their minor children, and in the absence of a specific prayer for the custody. (*Ex parte Gordan,* 95 Cal. 374, 377, [30 Pac. 561] ; *Evans* v. *Evans,* 154 Cal. 646, [98 Pac. 1044] ; *Van Horn* v. *Van Horn,* 5 Cal. App. 719, [91 Pac. 261].) We are, therefore, of the opinion that findings are not essential to the support of the order appealed from. (See *Crater* v. *Crater,* 135 Cal. 634, [67 Pac. 1050].) Moreover, as counsel for the respondent suggest, the appellant waived findings in the divorce action, and this waiver, we think. included any future order which the court had the jurisdiction to make in the case.

The order is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on September 3, 1913.