[Civ. No. 2192. Third Appellate District.—July 10, 1920.]

ARVINE LEFEBVRE, Appellant, v. HENRI C. LEFEBVRE, Respondent.

[1] DIVORCE—CUSTODY OF MINORS—POWER OF COURT TO MODIFY DECREE.—In a divorce action, the trial court has the power to vary and modify its decree as to the custody of the minor children from time to time as circumstances change.

[2] ID.—WELFARE OF CHILD—CONTROLLING CONSIDERATION.—The controlling and paramount consideration in directing the custody of a minor child is the welfare of the child, and this the court must decide from all the facts of which it has obtained knowledge in a competent manner.

[3] ID.—MODIFICATION OF DECREE—DISCRETION OF TRIAL COURT—APPEAL.—An application for the modification of a decree as to the custody of a minor child is addressed to the sound and legal discretion of the trial court, and although it may award the care and custody of the children of a marriage to the guilty party, whatever may be the offense, its conclusion will not be disturbed on appeal unless it should clearly appear that its discretion has been abused.

[4] ID.—ORDER AWARDING CUSTODY — APPEAL — EVIDENCE — JURISDICTION OF APPELLATE COURT.—If the record on appeal discloses substantial evidence to support a rational inference that the order of the trial court awarding the custody of a minor child to one

---

2. Modification of provision in divorce decree as to custody of children in case of refusal to permit access to or visitation of children as provided by decree, note, L. R. A. 1917B, 290.

or the other parent is for the best interests of the child, and such evidence does not appear incredible, and there is nothing to impeach the fairness or good faith of the decision, the appellate court is without jurisdiction to disturb the determination of the trial court.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Meredith, Landis & Chester for Appellant.

Otis & French for Respondent.

BURNETT, J.—On May 26, 1916, plaintiff obtained an interlocutory decree of divorce against the defendant on the ground of cruelty and she was awarded the custody and control of Leon Lefebvre, who is now the age of six, except that the grandparents of said child and the defendant were to have his custody for a certain portion of the time. Thereafter a final decree was rendered and subsequent thereto both appellant and respondent remarried. Appellant is living with her second husband, G. F. Schmidt, and respondent is living with his second wife. Appellant has a child by her second husband but respondent has no other than the said Leon.

On the twentieth day of August, 1919, respondent filed a petition in the superior court of Sacramento County praying for a modification of the final decree to the extent that defendant be awarded the custody of said minor child, supported by certain affidavits filed therewith. Subsequently appellant filed counter-affidavits denying most of the allegations set forth in defendant's affidavits. Thereafter the application came on for hearing and was submitted upon said affidavits and also the testimony of various witnesses. After consideration of said matter, the court modified its decree by making the following order: "It is further ordered that the care, custody and control of the minor child of said parties, to wit, Leon Lefebvre, be and the same is hereby given to Henri C. Lefebvre, the father of said Leon Lefebvre, except that plaintiff shall have the right to be with said child and take said child out one day of each week be-

tween the hours of 8:30 A. M. and 6:30 P. M., at which hours said child shall be returned to said defendant.'' From this order modifying the final decree of divorce the appeal has been taken, and appellant urges two grounds for the reversal of the order as follows: ''That the court erred and overstepped its discretionary powers in taking the care and custody of the minor child of tender years from the mother without first requiring some evidence, however slight, of the moral or mental unfitness of the mother; that the court erred in refusing to admit evidence as to the qualifications and personal fitness of the defendant.''

As to the principles of law applicable to the situation, there is no controversy between the parties. It is sufficient to cite them as follows:

[1] The court has the power to vary and modify its decree as to the custody of the minor children from time to time as circumstances change. (Sec. 138, Civ. Code; *Simmons* v. *Simmons*, 22 Cal. App. 448, [134 Pac. 791]; *Crater* v. *Crater*, 135 Cal. 633, [67 Pac. 1049].) [2] The controlling and paramount consideration in directing its custody is the welfare of the child, and this the court must decide from all the facts of which it has obtained knowledge in a competent manner. (*Miller* v. *Higgins*, 14 Cal. App. 156, [111 Pac. 403]; *Beyerle* v. *Beyerle*, 155 Cal. 266, [100 Pac. 702].) [3] All such applications are addressed to the sound and legal discretion of the trial court, and although it may award' the care and custody of the children of a marriage to the guilty party, whatever may be the offense, its conclusion will not be disturbed on appeal unless it should clearly appear that its discretion has been abused. (*Miller* v. *Higgins, supra; Black* v. *Black*, 149 Cal. 224, [86 Pac. 505].)

[4] Viewing the record in the light of the foregoing considerations we are bound to conclude that said order must be affirmed. There is no warrant for us to say that the lower court abused the discretion committed to the trial tribunal. The rule which obtains in this class of cases is the same as in other judicial determinations of issues of fact, and similar presumptions and intendments must be indulged. In other words, if we find substantial evidence in the record to support a rational inference that the order is for the best interests of the child, and such evidence does not appear in-

credible, and there is nothing to impeach the fairness or good faith of the decision, it would be an excess of our authority to disturb the determination of the trial court.

An examination of the transcript would convince anyone that both in the affidavits and the oral testimony is found ample evidence to show that the minor has been inhumanly treated by his stepfather with the encouragement and connivance of the mother, that the child lives constantly under the shadow of fearful apprehension of punishment at the hands of said stepfather, that he is a nervous, sensitive boy and does not receive the care, encouragement, sympathy, and affection of which he stands so much in need, and that his welfare would be promoted by committing him to the custody of his father.

There is no ground upon which we would be justified in rejecting such testimony or nullifying its effect, and we must hold that the trial judge exercised his discretion in obedience to a conscientious understanding and appreciation of the facts and the law and of his grave responsibility in the premises.

It is due, however, to appellant to say that she made a strong showing to the effect that the child was not abused, that the punishment administered to him was not unduly severe but only what was needed for proper discipline and training, that both she and her husband had for the child the affection that usually exists toward their offspring on the part of parents, and that her home was an entirely suitable place for the welfare and happiness of said minor. This conflicting evidence, though, was manifestly for the determination of the trial judge, and, whatever might be our judgment of its weight, it cannot be substituted for his. We deem it inadvisable to recite specifically the distressing story of the witnesses for respondent, deeming it sufficient to say that it has been carefully examined in connection with the showing made in behalf of appellant.

As to the second point made by appellant, it is quite apparent from the record that she was not precluded from introducing evidence as to the unfitness of the natural father for the care and custody of the child. The court simply directed that the showing as to the qualifications of the mother be made first. It is true also that evidence on the

subject both in favor of the appellant and the respondent was subsequently received without objection.

The order is affirmed.

Hart, J., and Nicol, P. J., *pro tem.*, concurred.