[Civ. No. 4155. First Appellate District, Division One.—January 7, 1922.]

## ALBERT C. ANDERSON, Respondent, v. PEARL J. ANDERSON, Appellant.

[1] DIVORCE — DEFAULT — REFUSAL TO VACATE — DISCRETION NOT ABUSED.—The setting aside of a default in an action for divorce is not warranted upon the mere showing that in failing to answer the defendant relied upon a stipulation with the plaintiff regarding the custody of one of their children and upon the belief that a decree would be entered in conformity therewith, which stipulation the court refused to accept.

[2] ID.—CUSTODY OF CHILDREN—STIPULATION OF PARTIES—RIGHT OF COURT.—While parents have a legal right to contract with each other as to the custody and control of their offspring, the right to so stipulate is subject to the control of the court in which a divorce action is pending.

[3] ID.—SCOPE OF STIPULATION.—Where the welfare of children is involved as it is in divorce cases, parents cannot by contract so bind themselves as to foreclose the court from an inquiry as to what that welfare requires.

[4] DEFAULT—APPLICATION TO VACATE—DISCRETION—APPEAL.—An application to set aside a default is addressed to the sound discretion of the trial court, and where no abuse is shown, its action will not be disturbed.

APPEAL from an order of the Superior Court of Riverside County denying a motion to set aside a default. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ford & Bodkin for Appellant.

George A. French for Respondent.

TYLER, P. J.—Action for divorce. Plaintiff had judgment by default, and an order awarding to him the care and custody of two minor children, Milford, a son, fourteen years of age, and Evelyn, a daughter, aged nine years. This is an appeal from an order denying defendant's motion to set aside the default judgment entered herein and refusal to disturb the order made in the interlocutory decree awarding the custody of the minor children to plaintiff. It is admitted that the question of amending the decree as requested by defendant being discretionary, and there being conflicting affidavits on file touching the qualifications of the parties to the action, that an appeal from this portion of the order awarding the custody of the children to the plaintiff would be of no avail.

[1] The attack upon the order appealed from is therefore limited to that portion thereof refusing to set aside the default of defendant. It is apparent from a reading of the record that defendant never intended to contest the divorce action or make any defense therein. The suit as originally filed charged the defendant with cruelty and adultery. Defendant failed to plead within the time allowed by law and her default was regularly entered. Thereafter by stipulation the default was set aside and defendant filed a demurrer. This demurrer was subsequently, on October 6, 1919, overruled by consent, and defendant was given five days to answer. At the same time the count charging her with adultery was dismissed, the remaining charge being that of cruelty. From this date defendant had her time to plead extended from time to time by stipulation until January 3, 1920, but was in default from that date until the trial, July 12, 1920, on which date her default was again entered. At the time of the overruling of the demurrer a stipulation was entered into between the parties to the effect that defendant might have the custody of the minor daughter, Evelyn Anderson. The trial court, however, disregarded this stipulation and awarded the custody of both minor children to plaintiff. Appellant here contends that in failing to answer she relied upon the stipulation had with plaintiff

regarding the custody of the child, and was of the belief that a decree would be entered in conformity therewith, and that as the decree was in violation of the stipulation, the judgment should be set aside and she should be permitted to answer. We do not consider that these reasons warrant the setting aside of the decree. **[2]** While parents have a legal right to contract with each other as to the custody and control of their offspring (*Sargent* v. *Sargent,* 106 Cal. 541 [39 Pac. 931]), this right to so stipulate is subject to the control of the court in which a divorce action is pending. (*Black* v. *Black,* 149 Cal. 224 [86 Pac. 505].) **[3]** Where the welfare of children is involved as it is in divorce cases, parents cannot by contract so bind themselves as to foreclose the court from an inquiry as to what that welfare requires. (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 Pac. 582] ; *Beyerle* v. *Beyerle,* 155 Cal. 266 [100 Pac. 702] ; 19 C. J. 344; *Aldrich* v. *Aldrich,* 166 Mich. 248 [131 N. W. 542].) It is apparent from the facts that defendant had no intention of opposing the action for divorce, and the record presents no showing of excusable neglect entitling her to the relief here sought. On the contrary, the very ground upon which the motion to set aside the default is based, indicates that she was only concerned in obtaining the custody of one of the minor children. The record discloses that the default was taken July 12, 1920, and the motion to set it aside was not filed until January 8, 1921, nearly six months thereafter, another fact that suggests that she was little concerned with any portion of the judgment. **[4]** Upon the hearing of the motion the testimony was conflicting, and the application was addressed to the sound discretion of the court. No abuse of such discretion is here shown. The action of the court, therefore, will not be disturbed. (*Morton* v. *Morton,* 117 Cal. 443 [49 Pac. 557] ; *Black* v. *Black,* 149 Cal. 224 [86 Pac. 505] ; *Simmons* v. *Simmons,* 22 Cal. App. 448 [134 Pac. 791].) Aside from these considerations, defendant was not prejudiced by the action of the court in refusing to be bound by the stipulation. By a proper showing of fitness the decree may be modified at any time during minority of the children. (Civ. Code, sec. 138.) The claim was also made that the evidence introduced at the trial was insufficient to support the conclusion of the trial court. This point is not properly before us on this motion. From a reading

of the record, however, it is apparent that it is amply sufficient to sustain the judgment.

The order appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.