[Sac. No. 4495. In Bank.—February 1, 1932.]

AUDREY MARIE MILLER, Appellant, v. RUSSELL ARTHUR MILLER, Respondent.

James T. Matlock for Appellant.

Fred C. Pugh for Respondent.

WASTE, C. J.—Plaintiff appeals from an order modifying a final decree of divorce. The principal, if not the sole question involved, is whether or not the trial court abused its discretion in transferring the custody of the ten year old daughter of the parties from the maternal grandparents to the respondent father. The final decree of divorce was entered December 10, 1926, and by its terms the custody of the little girl, then six years of age, was awarded to the

maternal grandparents pursuant to a stipulation between the parties and "until the further order of this court". On January 7, 1929, the respondent father remarried and established a home, whereupon he duly presented a motion to modify the divorce decree as above indicated. In support of his motion he introduced much evidence as to his desire and ability to care for the child and to furnish her a good home. It was also shown that respondent's second wife has become attached to the child and is not only willing but eager to accept her into their home as a daughter. In order to show that the child's best interests were not being subserved by continued residence with her maternal grandparents, the respondent produced several witnesses, including both relatives and strangers, who testified that the maternal grandmother continually used vile and profane language in the presence of the child, and permitted her to remain dirty and unkempt for long periods of time. There is also evidence that the child's mother had, upon several occasions, acted in an unbecoming manner before the child, all without objection or remonstrance from the grandparents.

We have examined the entire record, and find that although the evidence is conflicting in some particulars, there is ample to support the trial court's findings that the respondent is a fit and proper person to be entrusted with the custody and care of his minor daughter, and that the maternal grandmother is not such a fit and proper person, and that the home of the maternal grandparents is not a proper home for the child. Under the evidence and the law, the court below was warranted in transferring the custody of the child to the respondent, and in so doing it did not abuse the discretion with which it is invested. (Sec. 138, Civ. Code; *Black* v. *Black*, 149 Cal. 224, 225 [86 Pac. 505]; *Crater* v. *Crater*, 135 Cal. 633, 634 [67 Pac. 1049, 1050]; *Simmons* v. *Simmons*, 22 Cal. App. 448, 452 [134 Pac. 791].)

The appeal is not only devoid of merit, but approaches the frivolous. The order is affirmed.

Curtis, J., Langdon, J., Preston, J., Shenk, J., and Seawell J., concurred.