[No. F005757. Fifth Dist. Sept. 23, 1986.]

In re the Marriage of THERESA CLARA and AHMAD GOODARZIRAD.
THERESA CLARA GOODARZIRAD, Respondent, v.
AHMAD GOODARZIRAD, Appellant.

[redacted]

## COUNSEL

Goldberg, Fisher & Quirk and Arthur B. Hampton for Appellant.

Arthur E. Wallace, Tracey F. Resnick, Louis P. Etcheverry and Burke West for Respondent.

## OPINION

### BALLANTYNE, J.—

#### STATEMENT OF THE CASE AND FACTS

On April 25, 1979, Theresa Clara Goodarzirad, respondent (hereinafter wife), filed a petition for legal separation from her husband, appellant Ahmad

Goodarzirad (hereinafter husband). She sought custody and child support for their son Behrang born February 25, 1979.

Wife later filed a petition for dissolution of marriage. On July 16, 1980, a final dissolution decree was entered. Wife was awarded custody and husband was granted reasonable visitation and ordered to pay $80 per month child support.

Husband sought a modification in his visitation rights to allow extended visits. Husband had fallen behind in his child support payments, and wife filed an order to show cause and declaration for contempt. Wife also filed a motion to have the husband undergo a psychological examination.

On September 6, 1984, at the joint hearing on the motions, the husband and wife entered into the following stipulation which was approved by the court:

"Respondent Ahmad Goodarzirad hereby stipulates to the following:

"1. Respondent hereby waives any and all right he may now or hereafter have to the care, custody and control of the minor child Behrang Debruyn Goodarzirad born 25 Feb 79 as well as any right of visitation with said minor child.

"Petitioner, Theresa C. Goodarzirad, hereby stipulates to the following:

"1. Petitioner hereby waives all present, future and past delinquent child support as and for the minor child Behrang Debruyn Goodarzirad born 25 Feb 79.

"2. Petitioner further waives any past due and/or delinquent attorney fees and/or costs heretofor [sic] ordered in this case.

"3. Petitioner to hold Respondent harmless from the foregoing and will indemnify Respondent for any future order of child support. Petitioner,

Theresa C. Goodarzirad and Respondent Ahmad Goodarzirad, mutually stipulate to the following:

"1. The $1000.00 cash bond heretofor [*sic*] deposited pursuant to order of the above-entitled court by Respondent with attorney Gerald T. Huntley, in that certain trust account No. 0-008-0309808 0268361 at the Valley Federal Savings & Loan Assoc., is released, and Gerald T. Huntley is to return same to Respondent forthwith.

"2. Petitioner shall petition the above-entitled court to free said minor child from Respondent's parental control, and that service of such petition on Respondent may be made by service on his attorney, G. Neil Farr. That when such service is made, Respondent shall forthwith execute such documents as may be necessary, consenting to such petition to free from parental control.

"3. Each party shall bear their own attorney fees and costs for all matters presently pending before the above court.

"4. All matters presently pending before the above court are hereby dismissed.

"4. The parities [*sic*] hereto have entered into and executed this stipulation in that it is their belief that the provisions herein contained are in the best interests of said minor child."

On December 3, 1984, husband made a motion to vacate the judgment and stipulation. Husband asserted that the court lacked jurisdiction to enter the judgment and stipulation and it is thus void.

The motion was denied. Husband filed a motion for reconsideration which was also denied, and husband filed a notice of appeal.

DISCUSSION

I.

IS A STIPULATION TO DEPRIVE A COURT OF ITS AUTHORITY TO
MODIFY CUSTODY AND VISITATION ORDERS IN A DISSOLUTION
PROCEEDING VOID?

Husband asserts that his stipulation to give up all rights of custody and visitation to his minor child ousts the court of its subject matter jurisdiction. It is therefore void and subject to collateral attack.

Wife asserts that the court had fundamental jurisdiction of the matter. If anything, its acts were in excess of jurisdiction. Because husband consented to the court acting in excess of its jurisdiction, the stipulation and order are valid.

Civil Code section 4600 provides in pertinent part: "(a) The Legislature finds and declares that it is the public policy of this state to assure minor children of frequent and continuing contact with both parents after the parents have separated or dissolved their marriage, and to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy.

"In any proceeding where there is at issue the custody of a minor child, the court may, during the pendency of the proceeding or at any time thereafter, make such order for the custody of the child during minority as may seem necessary or proper. . . ."

■ "Superior courts have general jurisdiction to award the custody of children." (*Cooney* v. *Cooney* (1944) 25 Cal.2d 202, 205 [153 Cal.Rptr. 334].) ■ The trial court maintains continuing jurisdiction involving the custody and care of the minor. (*Gudelj* v. *Gudelj* (1953) 41 Cal.2d 202, 208-209 [259 P.2d 656].)

■ "In its most fundamental or strict sense, lack of jurisdiction means 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or parties.' [Citations.] But in its ordinary usage the word encompasses many other situations, including judicial acts *in excess of jurisdiction*. [Citation.] While the fundamental type of jurisdiction can never be conferred by consent of the parties, the latter type is often subject to principles of consent and waiver. [Citation.]" (*In re Christian J.* (1984) 155 Cal.App.3d 276, 279 [202 Cal.Rptr. 54].)

In the instant case the court had fundamental jurisdiction to hear the case; it had authority over the subject matter and the parties. Its approval of the stipulation was, if anything, an act in excess of jurisdiction.

Wife relies on *Spahn* v. *Spahn* (1945) 70 Cal.App.2d 791 [162 P.2d 53] and *In re Griffin* (1967) 67 Cal.2d 343 [62 Cal.Rptr. 1, 431 P.2d 625] to

support her assertion that husband consented to the court acting in excess of its jurisdiction and therefore the stipulation and order are valid.

In *Griffin,* a probationer sought a continuance of a hearing regarding revocation of his probation. The continuance was granted. The date set for the hearing was after the defendant's probation term had expired. The court revoked probation at the subsequent hearing and defendant asserted on appeal that the order was void because the court no longer had jurisdiction. The court stated: "When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' [Citation.] . . . Substantive rules based on public policy sometimes control the allowance or disallowance of estoppel. . . .

"In the present case no policy, substantive or procedural precludes estoppel of petitioner to attack the excess of jurisdiction that resulted from the granting of his motion for a continuance. The trial court's determination that he is estopped is in harmony with the proper operation of the probation system." (*Id.,* at pp. 347-348.)

Wife asserts that *Spahn* "is an old case which squarely dealt with the issue of whether a stipulation in a family law case which goes beyond the statutory grant of jurisdiction was still a valid court order. In that case the parties agreed, by stipulation, to have the court decide the property rights of the parties, including the rights to property which was not community property. The Appellant [*sic*] court held that the stipulation gave the court the jurisdiction to decide the property issue." However, it is significant to note that *Spahn* dealt with property rights, not custody or control of minor children.

▮▮▮▮ The entire scheme underlying custody decrees is that primary consideration must be given to the welfare of the child. (*In re Marriage of Russo* (1971) 21 Cal.App.3d 72, 85 [98 Cal.Rptr. 501].) The ultimate aim of the court is to serve the best interests and welfare of the minor children. (*Smith* v. *Smith* (1948) 85 Cal.App.2d 428, 434 [193 P.2d 56].) Based on these strong policy reasons, stipulations between parents involving the minor children which attempt to divest the court of jurisdiction are void and the doctrine of estoppel does not apply.

"This continuing jurisdiction is vested in the court, and is to be exercised, in the interests of children. It is their right to have the court hear and determine all matters which concern their welfare and they cannot be deprived of this right by any agreement of their parents. The welfare of children is of interest to the state. The Legislature has fixed the period within which such powers may be exercised by the courts as that of the minority of the children, and it is not within the power of the court to fix a shorter period. In every decree of divorce which has provisions respecting the custody and support of children the law becomes a part thereof and the decree is subject to the further order of the court, whether or not it be so stated. Although the doctrine of res judicata applies generally to judgments of divorce which settle property rights (*Leupe* v. *Leupe* (1942), 21 Cal.2d 145 . . .), it can have no application to the provisions for the custody and support of children. Under the express terms of the statute the decree may be modified or vacated at any time during the minority of the child. A decree of the court cannot supersede or nullify this statutory provision. A judgment is conclusive only to the extent that it is made so by law, and the court has no power to give conclusive effect to a judgment which is declared by statute to be subject to modification, especially where it involves the interests of children and the state, which are superior to the rights of the parties litigant." (*Lucachevitch* v. *Lucachevitch* (1945) 69 Cal.App.2d 478, 484-485 [159 P.2d 688].)

"While parents have a right to contract with each other as to the custody and control of their offspring and to stipulate away their respective parental rights [citation], this right so to stipulate is subject to the control of the court in which the matter affecting the child is pending, and the court is not required to award the custody in conformity with such stipulation." (*In re Arkle* (1928) 93 Cal.App. 404, 409 [269 P. 689].) "Where the welfare of children is involved as it is in divorce cases, parents cannot by contract so bind themselves as to foreclose the court from an inquiry as to what that welfare requires." (*Anderson* v. *Anderson* (1922) 56 Cal.App. 87, 89 [204 P. 426].) "The children are not parties to the action for divorce, and the jurisdiction which the statute confers on the court, to be exercised, from time to time as changed conditions or circumstances may require, in protecting their interests, cannot be limited or abridged by the contract of the parties made pending the divorce litigation which the decree follows, or by the action of the court in originally approving and adopting it." (*Black* v. *Black* (1906) 149 Cal. 224, 226 [86 P. 505].)

The stipulation entered into by husband and wife was void. The court acted in excess of its jurisdiction when it approved it. Because of strong public policy reasons, husband is not estopped from attacking the jurisdiction of the court.

## II.

### IS A STIPULATION THAT ONE WILL CONSENT TO A PETITION PURSUANT TO CIVIL CODE SECTION 232 TO FREE A CHILD FROM PARENTAL CONTROL ENTERED INTO BEFORE THE FILING OF SUCH AN ACTION VOID?

Husband asserts that a stipulation to allow a judgment to be taken against a party in a Civil Code section 232 termination proceeding, entered into before the commencement of such a proceeding, is not binding and enforceable on the then consenting party. Such a stipulation is a confession of judgment which cannot be done without statutory authorization. Husband asserts no such authorization is present as to this type of case in California.

Wife asserts that there has been no stipulation by husband to terminate his parental rights. Wife contends that the stipulation is nothing more than evidence that the father wilfully and intentionally abandoned the child for the purpose of a Civil Code section 232 petition.

A confession of judgment is: "At common law, judgment entered where defendant, instead of entering plea, confessed action, or withdrew plea and confessed action. Judgment where a defendant gives the plaintiff a cognovit or written confession of the action by virtue of which the plaintiff enters judgment. The act of a debtor in permitting judgment to be entered against him by his creditor, for a stipulated sum, by a written statement to that effect or by warrant of attorney, without the institution of legal proceedings of any kind; voluntary submission to court's jurisdiction." (Black's Law Dict. (5th ed. 1979) p. 756, col. 1.)

If husband were bound by his stipulation, he would be required to sign the necessary papers to free the child from his parental control. The stipulation, if valid, would then in essence be a confession of judgment because husband would be required to submit voluntarily to the court's jurisdiction and allow judgment to be entered against him. This procedure cannot be allowed and we hold the stipulation invalid for several reasons.

First, a confession of judgment is not statutorily authorized for a Civil Code section 232 petition. None of the protections afforded to defendants who have confessed judgments under the statutorily authorized confession of judgments statutes were followed in the instant case. Code of Civil Procedure sections 1132 through 1134 set forth the procedure for a confession of judgment for money due. Welfare and Institutions Code section 11476.1 authorizes a confession of judgment for paternity and child support by a noncustodial parent. Both sections require the attorney to certify that

she has discussed the matter with her client and advised the client concerning the right and consequences of agreeing to this type of action. Under Welfare and Institutions Code section 11476.1, the court must examine the parent, advise him of his rights, and determine that he willingly, knowingly, and intelligently waived his rights in agreeing to the entry of the judgment. Code of Civil Procedure section 1133 requires the defendant to file a signed, written statement authorizing the judgment and concisely setting forth its terms.

Secondly, the extraordinary practice of utilizing a confession of judgment to terminate parental rights presents opportunities for overreaching that avoid judicial scrutiny. For example, husband had a contempt proceeding and possible jail sentence hanging over his head if he did not sign the agreed-upon stipulation. (See, i.e., *Hulland* v. *State Bar* (1972) 8 Cal.3d 440, 449-450 [105 Cal.Rptr. 152, 503 P.2d 608] which held confession of judgments not appropriate for collection of legal fees because of possible overreaching.)

Thirdly, Civil Code section 232 et seq. contain very precise criteria and procedures which must be followed before parental custody and control can be terminated. It is clear that the Legislature wanted these specific procedures followed without deviation from the statutory scheme. (See, i.e., *In re Mark K.* (1984) 159 Cal.App.3d 94, 99 [205 Cal.Rptr. 393] where this court held that because of the strict time limitations set forth in the statutes, a motion for summary judgment is not available for a Civil Code section 232 petition.) A confession of judgment is not within the contemplation of the statutes and therefore is not allowed. (See also Civ. Code, §§ 224 and 224m regarding consent of parents for adoption. Specific procedures must also be followed before this can be done.)

Finally, and most important, to allow a parent through a confession of judgment to terminate parental rights would be against public policy. "Parental rights are fundamental in nature and guaranteed constitutionally. Their importance has been discussed in numerous cases." (*In re Mark K., supra,* 159 Cal.App.3d 94, 101.) The foremost interest in termination proceedings is to serve and protect the welfare and interests of the child. (Civ. Code, § 232.5.) The fundamental rights of the parent and child should not be allowed to be tampered with by a confession of judgment which removes all determinations surrounding the propriety of the action. The state has a compelling interest to be intimately involved in this type of proceeding. To allow a confession of judgment to be entered into would defeat these overriding interests.

Even assuming arguendo that the stipulation in the instant case is not a confession of judgment because a Civil Code section 232 petition has not

yet been filed, it is still void for the same public policy reasons previously discussed.

Clearly, the court acted in excess of its jurisdiction when it allowed the husband to stipulate that he would consent to a petition to free the child from his parental control.

### III.

### IF THE STIPULATIONS ARE VOID, IS THE DENIAL OF THE MOTION TO VACATE THE VOID JUDGMENT APPEALABLE?

Wife asserts that this court must dismiss the appeal if it finds that the lower court had jurisdiction even if the stipulation was error or unenforceable. Wife further contends that because husband consented to the stipulation below he cannot expect relief from this court.

As previously discussed *ante,* because of the nature of this case, husband's consent does not estop him from asserting error on appeal.

 In the instant matter, the stipulations made by husband were void and therefore the court acted in excess of its jurisdiction. The case of *County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105 [183 Cal.Rptr. 741] decides the appealability issue.

"Generally, an order denying a motion to vacate a judgment is not appealable, since such an appeal would be the equivalent of allowing two appeals from the same judgment. [Citation.] However, the motion was based on the contention that the judgment is constitutionally invalid. Since a court of this state does not have jurisdiction to render a judgment that violates the California Constitution or the Constitution of the United States, the defendant's argument is, essentially, that the superior court's judgment was in excess of jurisdiction. [Citations.] A judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction *or exceeded its jurisdiction* in granting relief which the court had no power to grant. [Citations.] If the judgment is void, it is subject to collateral attack. [Citation.] One method of such an attack is a subsequent motion to vacate or set aside the judgment as void. (Code Civ. Proc., § 473.) The motion may be filed at any time after judgment. [Citations.] The order denying or granting the motion is a special order made after entry of judgment, and it may be directly attacked on appeal under Code of Civil Procedure section 904.1, subdivision (b). [Citations.] The reason for allowing the appeal is that an order giving effect to a void judgment is also void and is subject to attack. [Citation.] Thus, when an appellant attacks an order

on the ground that it gives effect to a judgment that is void for lack of jurisdiction by the trial court, the general rule prohibiting appeal does not apply. It is a special order, and it may be appealed if the underlying judgment was appealable. (Code Civ. Proc., § 904.1, subd. (b).) It is necessary, therefore, to determine whether the stipulated judgment was appealable.

"A judgment is not appealable unless it is final in the sense that it decides the rights and duties of the parties and terminates the ligitation. [Citation.] Here, the underlying judgment was entered pursuant to stipulation. Under the terms of the stipulation, the defendant had the continuing right to seek a modification of the amount of child support depending upon a change in any relevant circumstances. When a court has the power to modify orders for the support of children in light of the circumstances existing at the time the application is made, an order for child support payments pursuant to such power is not usually considered a final judgment in the sense of it being a final adjudication of the rights and duties of the parent and minor child. [Citation.] However, if the temporary order directs payment of money or performance of an act, the order is substantially the same as a final judgment in an independent proceeding, and a direct appeal may be taken. This constitutes a necessary exception to the one final judgment rule. [Citation.] We conclude that the present appeal is permissible under Code of Civil Procedure section 904.1, subdivision (b) as an appeal from an order made after an appealable judgment. We therefore reach the merits of defendant's claims." (*Id.*, at pp. 110-111.)

Title 3 of the Civil Code is the Uniform Civil Liability for Support Act. (Civ. Code, § 241 et seq.) It provides in part that parents must support their children. Civil Code section 249 provides: "Appeals may be taken from orders and judgments under this title as in other civil actions."

The stipulated judgment was appealable. Because it was a void judgment made in excess of the court's jurisdiction, denial of the motion to vacate was an order giving effect to the void judgment and is also void and subject to attack.

### DECISION

The order denying husband's motion to vacate the judgment is reversed.

Franson, Acting P. J., and Woolpert, J., concurred.