[No. A063230. First Dist., Div. One. Oct. 6, 1994.]

COUNTY OF ALAMEDA, Plaintiff and Respondent, v.
GREGORY M. RISBY, Defendant and Appellant.

## COUNSEL

Maxine Goodmacher for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEIN, J.**—Appellant contends that the trial court erred by denying his motion to vacate a stipulation for paternity blood tests. Appellant bases his appeal on four contentions: (1) that the stipulation constituted an unknowing and unintelligent waiver of his constitutional right to a fair trial, (2) that the trial court exceeded its jurisdiction by giving effect to a stipulation that violates public policy, (3) that the blood test is inadmissible under the *Kelly-Frye* test (*People* v. *Kelly* (1976) 17 Cal.3d 24, 30 [130 Cal.Rptr. 144, 549 P.2d 1240]; *Frye* v. *United States* (D.C. Cir. 1923) 293 F. 1013, 1014 [54 App.D.C. 46, 34 A.L.R. 145]), and (4) that appellant should be relieved of the stipulation's effect under Code of Civil Procedure section 473. We disagree with appellant's contentions and hold that the stipulation for paternity blood tests was a valid and binding stipulation into which appellant entered voluntarily. Further, appellant is not entitled to relief under section 473.

FACTUAL BACKGROUND

Pursuant to Welfare and Institutions Code section 11350, the Alameda County District Attorney's office filed a complaint against appellant for reimbursement of public assistance. The complaint requested that the court determine paternity as well as order appellant to pay child support and to reimburse Alameda County for the disbursement of welfare funds. The summons and complaint were served by mail accompanied by a *stipulation and order for paternity blood tests.* Without consulting an attorney, appellant signed, dated and mailed the stipulation which provided that the test results would be admissible at trial. The stipulation stated in pertinent part: "The report on the results of said blood testing and any written explanations and written interpretations of said results shall be admissible by either party in any legal proceeding, including trial. Plaintiff and the Defendant shall not object to the admissibility of said written documents on any grounds, including lack of foundation, lack of proof relating to chain of custody or failure to show that the methodology used is generally accepted in the scientific community. The stipulation, however, does not preclude either party from calling foundation or expert witnesses to testify in any legal proceeding."

The stipulation was approved by the trial court and was entered into the record. After taking the test, appellant retained counsel and filed an answer denying paternity. The trial court issued an order for temporary support. Several weeks later, appellant filed a motion to vacate the stipulation. The trial court denied the motion and conducted a trial following which the court established appellant's paternity, ordered him to pay child support and make reimbursement payments to the county.

DISCUSSION

A.  *The stipulation did not deprive appellant of his constitutional right to a fair trial.*

■ Appellant cites Welfare and Institutions Code section 11476.1 in arguing that the stipulation was an unknowing and unintelligent waiver of his constitutional right to a fair trial.

Welfare and Institution Code section 11476.1 provides that a stipulated judgment shall be entered only if (1) an attorney certifies that the defendant has been advised of his rights, or (2) the trial judge has advised defendant of his rights and determined that defendant has willingly, knowingly, and intelligently waived his or her due process rights. Section 11476.1 is expressly limited to situations in which a defendant agrees to an *entry of*

*judgment.* The stipulation in the instant action is not an entry of judgment. Appellant, nevertheless, argues that the statute is applicable because the stipulation in question amounted to a confession of judgment.

The stipulation of blood tests did not rise to the level of a confession of judgment, but merely precluded appellant from objecting to the admissibility of the test results. It did not purport to make the results conclusive. The trial judge considered the test results only as one factor among others that it considered in the paternity determination. The court, in fact, entered its judgment only after a trial in which appellant was represented by counsel. Having concluded that the stipulation did not amount to a confession of judgment, Welfare and Institution section 11476.1 is not applicable to this case.

As to the manner in which appellant entered into the stipulation, we do not believe that a knowing and intelligent waiver is a prerequisite for a binding stipulation of the type found in this case. Suffice it to say that appellant properly entered into an otherwise valid stipulation by manifesting a voluntary intent to be bound. Here, appellant voluntarily assented to the terms of the stipulation by signing, dating, and mailing it. Accordingly, we see no merit in appellant's contention that he was deprived of his constitutional right to a fair trial.

**B.**   *Since the stipulation did not violate public policy, the trial court did not exceed its jurisdiction by giving effect to the stipulation.*

Appellant cites *In re Marriage of Goodarzirad* (1986) 185 Cal.App.3d 1020 [230 Cal.Rptr. 203], in suggesting that the court exceeded its jurisdiction in refusing to vacate the stipulation. In *Goodarzirad* the trial court approved a stipulation in a divorce proceeding in which the husband relinquished his custody and visitation rights, whereas the wife relinquished her right to child support. The Court of Appeal held that the stipulation attempted to divest the court of jurisdiction and was, therefore, void on public policy grounds. (*Id.* at p. 1026.) The court also held that the trial court exceeded its jurisdiction by giving effect to a void stipulation. (*Id.* at p. 1030.) The court stated that "[t]he stipulation, if valid, would then in essence be a confession of judgment because husband would be required to submit voluntarily to the court's jurisdiction and allow judgment to be entered against him." (*Id.* at p. 1028.) The court explained that " '[w]here the welfare of children is involved as it is in divorce cases, parents cannot by contract so bind themselves as to foreclose the court from an inquiry as to what that welfare requires.' [Citation.]" (*Id.* at p. 1027.) The court stated that parents do have the right to stipulate away their parental rights but the right to do so

is subject to the control of the court in which the matter is pending. (*Ibid.*) Thus, *Goodarzirad* stands for the proposition that a court cannot give effect to a stipulation that violates public policy.

Appellant fails to explain how the stipulation in question violates public policy. Clearly, the strong policy reasons behind the holding in *Goodarzirad* are inapplicable to the case at hand. Unlike the stipulation in *Goodarzirad*, the stipulation for paternity blood tests was neither a confession of judgment nor an attempt to divest the court of its jurisdiction to hear matters that affect the welfare of the minor child. As the test results were only one factor among many that were to be considered, the court was not constrained in any way from making a proper paternity determination. Accordingly, the stipulation for paternity blood tests did not violate public policy. Thus, it cannot be said that the court exceeded its jurisdiction by giving effect to the stipulation.

C. *Pursuant to a valid stipulation, a court may admit evidence that otherwise would be inadmissible.*

■ Appellant argues that the court erred by allowing evidence to be admitted that did not satisfy the *Kelly-Frye* test. Parties to an action have the right to make a binding stipulation admitting evidence which otherwise would be inadmissible. (*Leonard* v. *City of Los Angeles* (1973) 31 Cal.App.3d 473, 476 [107 Cal.Rptr. 378].) Such a stipulation is valid and precludes objection to matters of evidence which have been expressly or impliedly agreed on. (*Ibid.*) Having already found the stipulation to be a valid and binding stipulation that appellant voluntarily entered into, we hold that the test results are admissible regardless of their status under the *Kelly-Frye* test.

D. *Appellant is not entitled to relief under Code of Civil Procedure section 473.*

■ Appellant argues that the stipulation should be set aside under Code of Civil Procedure section 473.

Code of Civil Procedure section 473 states in pertinent part: "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, *in no case exceeding six months,*

after the judgment, dismissal, *order*, or proceeding was taken. . . ." (Italics added.) Appellant's application for relief was anything but timely; he sought relief from the stipulation 18 months after it was accepted by the court. Beyond the six-month ceiling, it is within the discretion of the court to use its equitable powers to grant relief only where it is clear from the face of the appellate record that the default should not have been entered, and the judgment or order accordingly is void. (*Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315, 318 [156 Cal.Rptr. 499].) As this is not the case here, appellant's untimely application prohibits relief under section 473.

Even if the motion for relief had been timely, appellant would not be entitled to relief. The court's ruling on a motion to set aside a stipulation under Code of Civil Procedure section 473 rests within the sound discretion of the trial court and will be interfered with on appeal only on a clear showing of abuse of discretion. (*In re Marriage of Carter* (1971) 19 Cal.App.3d 479, 494 [97 Cal.Rptr. 274]; 3 Cal.Jur.3d, Agreed Case and Stipulations, §§ 33, 304, 307.) "Although precise definition is difficult, the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. [Citations.]" (19 Cal.App.3d at p. 494, internal quotation marks omitted.) Since appellant voluntarily entered into a valid stipulation, it would not be an abuse of discretion to deny his motion under section 473.

The order denying appellant's motion to vacate is affirmed.

Newsom, Acting P. J., and Dossee, J., concurred.