[Civ. No. 3301. First Appellate District, Division One.—March 18, 1920.]

JAMES ARLINGTON LOUDON, Appellant, v. SARA HANCOCK LOUDON, Respondent.

[1] DIVORCE — RESIDENCE — JURISDICTION — PLEADING — PROOF.—In an action for divorce, it is the fact of residence of the plaintiff which gives the court jurisdiction to grant the decree, and that fact must be alleged and proved.

[2] ID.—DENIAL OF DECREE—RESIDENCE—NECESSITY FOR FINDING.— In an action for divorce, a finding of the fact of residence necessary to give the court jurisdiction to grant the decree is not required to be made before the court may "deny" the decree, particularly when, as in the case at bar, both allegation and proof are amply sufficient to meet every demand.

[3] ID.—FAILURE TO FIND—WHEN REVERSIBLE ERROR.—The failure to find on an issue is not ground for reversal where the record discloses no evidence on which a finding favorable to the complaining party could properly have been made.

[4] ID.—SUBMISSION OF CASE—SURPRISE—DENIAL OF FAIR TRIAL.—On this appeal from a judgment denying a divorce, on which the appellant contended that he was deprived of a fair trial by the action of the trial court in ordering the cause submitted as it did, the record indicated that the course adopted by the trial court was agreeable to all the parties and that with that understanding the case was submitted, and appellant's affidavit, used on motion for a new trial, to the effect that he was surprised by

1. Domicile as basis of jurisdiction of divorce, note, 59 L. R. A. 142.

Character of residence essential to give jurisdiction in divorce proceeding, notes, 12 L. R. A. (N. S.) 1100; 28 L. R. A. (N. S.) 992; L. R. A. 1915D, 852.

the action of court, found no support in the record, and presented no matter of such compelling force as to indicate he did not have ample opportunity to fully present every phase of his case.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tobias R. Archer for Appellant.

Frank C. Collier, John Schlegel and Louis F. Labarere for Respondent.

WASTE, P. J—This is an action for divorce brought by the plaintiff upon grounds of desertion and extreme cruelty. Defendant denied the allegation of the complaint, and by way of recrimination charged the plaintiff with many acts of alleged cruelty, inflicted upon her by the plaintiff, and with failing to properly support defendant and the two minor children of the marriage. She prayed for the custody of the children, for a division of the community property, and for counsel fees and expenses of maintaining the action. The trial court made full and explicit findings, the ultimate facts found being that the defendant left the plaintiff, by reason of the harsh and cruel treatment of the defendant, and said minor children, by the plaintiff, and that the plaintiff was guilty of extreme cruelty toward the defendant, in that he caused her grievous mental suffering.

The plaintiff was denied any relief, and judgment was entered in favor of the defendant that she recover, from the plaintiff, the sum of two hundred dollars, as her reasonable attorney's fee, also her costs of court and all moneys necessarily expended by her in defense of the action, taxed at and allowed for the sum of $285.50. From this judgment the plaintiff appeals.

Appellant first attacks the finding of the trial court as to the residence of the parties. The original complaint was filed January 29, 1918, and the amended complaint was filed March 11th, the same year. It is granted by appellant that in each of these pleadings the averment of residence was sufficient. The truth of the allegation was admitted in the answer, and appellant further concedes, and the record dis-

closes, that the fact of the jurisdictional residence of the parties was clearly established and amply corroborated by the testimony taken at the trial in the court below. The finding is "that the plaintiff and defendant have each been, and now are, residents of the county of Los Angeles, state of California, for more than one year last past." The findings were filed August 8, 1918. Appellant contends that this is not a finding that the parties, or either of them, resided within the jurisdiction of the court for one year, next preceding the commencement of the action, but is "a finding of no jurisdiction for want of residence." He reasons, "of course plaintiff's divorce must be denied on such a finding, which is contrary to the evidence." On this ground he demands a reversal.

[1] It is the fact of the residence which gives the court jurisdiction to "grant" a divorce. (Sec. 128, Civ. Code.) That fact must be alleged and proved. While a finding, similar to the one above quoted, was held insufficient to support a decree of divorce, in *Coleman* v. *Coleman*, 23 Cal. App. 423, [138 Pac. 362], the supreme court has since pointed out that there is no statutory provision making express findings essential to the *jurisdiction* of a court to grant such relief. (*Flynn* v. *Flynn*, 171 Cal. 746, 749, [154 Pac. 837].) [2] We know of none requiring such a finding, as that called for by appellant, to be made before the court may "deny" a decree, particularly when, as in the case at bar, both allegation and proof were amply sufficient to meet every demand. [3] Furthermore, the failure to find on an issue is not ground for reversal where the record discloses no evidence on which a finding favorable to the complaining party could properly have been made. (*Maloof* v. *Maloof*, 175 Cal. 571, 573, [166 Pac. 330].)

Appellant specifies a number of particulars in which he claims the findings of fact are general, not warranted by the evidence, and not sufficient to support the judgment. A reading of the entire findings, however, and an examination of the voluminous record of the testimony indicates that appellant, in making this contention, has only picked out isolated portions of the findings. He also fails to print in his appendix, a large portion of the record which respondent has called our attention to, and which fully supports the findings attacked. As a whole, the findings are com-

plete and properly dispose of the issues presented by the pleadings and proof.

[4] Appellant contends that he was deprived of a fair trial by the action of the court in ordering the cause submitted, as it did. The record does not bear him out in this particular. In the opinion of the trial judge the plaintiff was failing to make out a case. He so stated, giving reasons which appear to be sound, and directed the attention of counsel to some of the testimony on which he based his opinion. In order to cover one feature of the alleged desertion of plaintiff by the defendant, the latter was called to the stand, by the court's permission, and with consent of counsel. She was being cross-examined by the attorney for the plaintiff, when the court suggested that immaterial matters were being gone into, and that owing to other court business the case would be closed at noon on that day. When the cross-examination was finished, counsel for the plaintiff offered, and there were received, in evidence five depositions in rebuttal, it being stipulated that the court, at its own convenience, might read the same. The plaintiff was then recalled as a witness in his own behalf, and testified in rebuttal at some length. The court thereupon stated that any further evidence would be merely cumulative, that with the permission of the parties he would take the case under submission, read the depositions and decide the matter in the course of a few days. The record indicates that this course was agreeable to all the parties and that with that understanding the case was submitted. Plaintiff's affidavit, used on motion for a new trial, to the effect he was surprised by the action of the court, finds no support in the record, and presents no matter of such compelling force as to indicate he did not have ample opportunity to fully present every phase of his case.

The judgment is affirmed.

Richards, J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1920.

All the Justices concurred.