[Civ. No. 4789.   Fourth Dist.   Dec. 1, 1954.]

Guardianship of MARY DIANNE COUGHLIN et al., Minors. THELMA RUTH COUGHLIN, Appellant, v. JOHN H. COUGHLIN, Respondent.

David Lynn for Appellant.

Wilson & Wilson for Respondent.

MUSSELL, J.—Respondent John H. Coughlin was by order of the Superior Court of San Bernardino County, on November 25, 1949, appointed guardian of the two minors here involved. Thelma Ruth Coughlin (petitioner and appellant herein) filed objections to the petition of Dr. Coughlin in the guardianship proceeding and by counterpetition asked that she be appointed guardian of both children. The trial court denied her petition and found that the general welfare of the two children would be best served under the guardianship of Dr. Coughlin. Thelma Ruth Coughlin appealed from the orders in that proceeding and they were affirmed on appeal. (*In re Coughlin,* 101 Cal.App.2d 727 [226 P.2d 46].)

At the time the guardianship proceeding was heard in the

superior court a divorce action between the parties was pending, filed by Mrs. Coughlin on September 4, 1948. She sought custody of the children in her divorce action and by application for an order pendente lite. This application was heard at the same time as the guardianship matter and denied by the trial court.

One of the children (Mary Dianne Coughlin) was adopted by appellant and respondent in 1942 and in 1947 they filed a joint petition for the adoption of the other child (Michael John Coughlin). The Department of Social Welfare, on September 12, 1947, recommended the denial of this petition, numbered 18030 in the files of the superior court, on the ground that the natural mother could not be located and on August 25, 1952, respondent herein filed his individual petition, number 22723, for the adoption of Michael. This petition was granted by the court on December 5, 1952, and the first joint petition, number 18030, was dismissed by the court.

On November 3, 1952, appellant herein filed a petition in the guardianship matter in which she sought an order of court instructing the guardian to permit her to visit said minor children and have them visit with her at reasonable and specified times and places; that she be permitted to "pick up" the children from their school on Tuesday and Thursday of each week and to visit them in their home on said days between the hours of 3 p. m. and 8 p. m.; that she be permitted to have said children visit her in her home every other week end and further to visit and have the children with her at all other reasonable times and places. After a lengthy hearing on this petition, the trial court found as follows:

"(1) That said Michael John Coughlin, by the order of adoption entered on December 5, 1952, in that certain proceeding bearing No. 22723 of said Superior Court, was adopted by said John H. Coughlin, and is now the adopted child of said John H. Coughlin;

"(2) That it will not be for the best interest of either of the above named minors, in respect to their temporal, mental, and moral welfare, to grant said petition."

The court then denied the petition for visitation privileges and petitioner Thelma Ruth Coughlin appeals from the order denying it.

Appellant first argues that the trial court erred in admitting the transcript (Exhibit "A") in evidence. We are not in accord with this contention. Exhibit "A" consists of four volumes of testimony, together with the exhibits therein re-

ferred to, presented at the hearing on November 21, 1949, of respondent's petition for letters of guardianship and appellant's petition for custody in the divorce action. The property settlement agreement, approved in the divorce action, provided that all of the evidence produced in that action and the guardianship proceedings might be used in that proceeding or any other legal proceedings thereafter instituted in which the custody or support of said minor children or either of them was involved, or in issue, in whole or in part. There are many pages of testimony in this exhibit relative to the acts and conduct of appellant during the marriage of the parties. (*In re Coughlin, supra,* 729.) This evidence was properly admitted. (*Crater* v. *Crater,* 135 Cal. 633, 634 [67 P. 1049].) As was said in *Foster* v. *Foster,* 8 Cal.2d 719, 732 [68 P.2d 719] :

"In deciding a matter so vital to the parents and to the welfare of the child, it is important that the trial court, in order to make as wise a decision as possible, should have as complete a picture of the whole background of the child as possible,—the financial condition of the parents, their interests, their morals, and their dispositions, as well as any other factor which might aid the court in determining the probabilities of either parent furnishing a happy, harmonious home for the child. In a question involving so intimately human relationships, the trial court has a delicate as well as a difficult problem to solve, and it may be that if some of the factors are missing, he may not arrive at the best solution. The facts established by the former decree are necessarily a part of such picture, and should be made known to the trial court."

In *Prouty* v. *Prouty,* 16 Cal.2d 190, 191 [105 P.2d 295], the rule here applicable is stated as follows:

"It is the settled rule that, in determining who should have the custody of the minor children of the parties to divorce actions, a very broad discretion is vested in the trial courts. It is only when a clear case of abuse of said discretion is made out that this court will interfere with the determination of the trial court on appeal. (*Taber* v. *Taber,* 209 Cal. 755 [290 P. 36] ; *Simmons* v. *Simmons,* 22 Cal.App. 448 [134 P. 791].)"

In *Taber* v. *Taber,* 209 Cal. 755, 756 [290 P. 36], the court said: "In determining whether other things are equal within the meaning of the above code section, the trial court is necessarily allowed a wide latitude in the exercise of its discretion. In the first instance it is for the trial court to determine, after considering all the evidence, how the best interests of

the child will be subserved. The question is to be determined solely from the standpoint of the child, and the feelings and desires of the contesting parties are not to be considered, except in so far as they affect the best interests of the child. It is only when a clear case of abuse of discretion is made out that this court will interfere with the determination of this question on appeal. The rule has been so stated many times. In *Simmons* v. *Simmons,* 22 Cal.App. 448, 451 [134 P. 791, 793], it is said: 'It is manifest that the Legislature . . . intended to confide to trial courts, in the disposition of the minor children of the parties to divorce actions, a very extensive discretion, with a view to the conservation of the highest and best interests of such minors, and the conclusion arrived at by such courts in such cases will not be set aside unless the record discloses a clear abuse of that discretion.' In *In re Johnson,* 101 Cal.App. 110 [281 P. 435, 438], it is stated: 'It is not alone the rights of the parents but the welfare of the child that is presented for determination, and for that reason a wider discretion is afforded the courts in dealing with matters pertaining to children than in many other cases.' "

Appellant next contends that the court erred in admitting the picture (Exhibit "B") in evidence. This contention is likewise without merit. Exhibit "B" consists of a photograph of appellant and a man, both nude, in bed together in a motel. This photograph was taken in the spring of 1950 and the guardianship proceedings were commenced in August, 1948. The exhibit was relevant and admissible for the same reasons as Exhibit "A." It was relevant to the determination of appellant's fitness to have the children with her. Her moral character, acts, conduct and disposition were relevant matters to be considered by the trial court.

Finally, it is argued that it was an abuse of discretion for the trial court to deny appellant's petition. This argument is untenable. Trial courts have "very extensive discretion" in matters of this kind and the conclusion arrived at by such courts in such cases will not be set aside unless the record discloses a clear abuse of discretion. (*Taber* v. *Taber, supra,* 757.) There is substantial evidence in the instant case to support the trial court's findings and conclusion that the interests of the children would not be best subserved by the granting of the petition herein. No clear abuse of discretion appears.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.