[Civ. No. 9393.   Third Dist.   July 7, 1958.]

HOMER M. COMBS, Respondent, v. HAZEL MAY COMBS, Appellant.

Robert D. Carter for Appellant.

Mayes & Courtney for Respondent.

WARNE, J. pro tem.*—This is an appeal from that part of an interlocutory decree of divorce awarding custody of the 5-year-old son of the parties to the respondent.

Appellant contends that the evidence shows that the appel-

*Assigned by Chairman of Judicial Council.

lant was in a better position to care for the child than was the respondent, and that the award of the custody of the minor child to the respondent was an abuse of judicial discretion.

■ "It is the settled rule that, in determining who should have custody of the minor children of the parties to divorce actions, a very broad discretion is vested in the trial court. It is only when a clear abuse of said discretion is made out that this court will interfere with the determination of the trial court on appeal." (*Prouty* v. *Prouty*, 16 Cal.2d 190, 191 [105 P.2d 295]. See also *Taber* v. *Taber*, 209 Cal. 755 [290 P. 36]; *Simmons* v. *Simmons*, 22 Cal.App. 448 [134 P. 791]; *Lefebvre* v. *Lefebvre*, 48 Cal.App. 483 [192 P. 76].)

In the instant case the trial court in its memorandum of opinion stated: "The court believes that the wife is to some extent emotionally unstable and the court believes that it is for the best interest of the minor child that the custody be awarded to the father . . ." And in its findings it found, among other things, that it was for the best interest of the minor child that respondent have the custody of said minor child; that the defendant was an unfit person to have the custody of the child in that she was extremely nervous and for sometime had been treated for said nervousness, and that she had mistreated the child.

■ The controlling and paramount consideration in directing its custody is the welfare of the child, and this the trial court has decided from all the evidence in the case. (*Lefebvre* v. *Lefebvre, supra.*)

■ Viewing the record in the light of the above rules of law, we feel that there is substantial evidence to sustain the order found in the interlocutory decree of divorce, awarding custody of the minor child of the parties to the respondent, and that the order must be affirmed.

The evidence, although conflicting, is that for a period of four or five years prior to the trial appellant had continuously quarreled and bickered with the child; that she had continuously over-corrected and punished him; that on one occasion when she lost her temper she whipped him, leaving blue marks across the small of his back; that she would slap the boy in the face without provocation; that she had attempted suicide; that she was nervous and emotional. These were issues of fact to be determined by the trial judge and are ample to support the court's findings.

Notwithstanding, we feel that it is due to the appellant to say that she made a showing that her nervous and emotional

condition was due to the marriage relationship with respondent; that since their separation she had been cured of her nervousness and that she had not been unduly severe with the child. However, this conflicting evidence was for the determination of the trial judge, and whatever might be our judgment of its weight it cannot be substituted for his.

The judgment is affirmed.

Van Dyke, P. J., concurred.