[Civ. No. 18388. First Dist., Div. One. Oct. 30, 1959.]

JUDITH SILVER FRIEDLAND, Respondent, v. SIDNEY FRIEDLAND, Appellant.

Fredricks & Sullivan for Appellant.

Nathan Cohn for Respondent.

FOLEY, J. pro tem.*—This is an appeal from a judgment by which Judith Silver Friedland, plaintiff and respondent, was granted an interlocutory decree of divorce from Sidney Friedland, defendant and appellant. The decree awarded custody of the parties' minor son, 3½ years old, to the mother, and defendant was denied all rights of visitation. Defendant was ordered to pay plaintiff $100 per month child support and $1.00 per month for her support. The community property was awarded to plaintiff. The decree also contained an order restraining defendant from talking to, annoying, molesting, injuring, visiting, bothering, or threatening the plaintiff or the child.

In November of 1955, plaintiff went to Las Vegas, Nevada, with the intention of establishing residence in order to obtain a divorce. While there she hired an attorney to commence divorce proceedings. She remained in Nevada for about six weeks and then returned to California. On October 30, 1956, plaintiff filed a complaint for divorce in the Superior Court of California in and for the County of San Mateo. Defendant filed both an answer and cross-complaint. After trial the court found among other things that plaintiff is and has been a bona fide resident of San Mateo County for more than one year preceding the commencement of the action.

Appellant urges three grounds for reversal of the judgment. They are as follows: first, the trial court did not have jurisdiction to grant the divorce; second, the trial court erred in sustaining certain objections of plaintiff; and third, the trial court abused its discretion in granting plaintiff complete custody of the child and in denying reasonable rights of visitation to the defendant.

In support of his first ground that the court did not have jurisdiction to grant the divorce, appellant contends that plaintiff did not prove her residence in California for the period prescribed by section 128 of the Civil Code and that

---

*Assigned by Chairman of Judicial Council.

if she did, there was a lack of sufficient corroboration of this fact as required by section 130 of the Civil Code.

Section 128 of the Civil Code provides in part as follows: "A divorce must not be granted unless the plaintiff has been a resident of the state one year . . . next preceding the commencement of the action. . . ."

In *Loudon* v. *Loudon*, 46 Cal.App. 599, 601 [189 P. 725], the court stated: "It is the fact of the residence which gives the court jurisdiction to 'grant' a divorce. (Civ. Code, § 128.) That fact must be alleged and proved."

The date of the commencement of the action is the date the complaint is filed. In *DeYoung* v. *DeYoung*, 27 Cal. 2d 521, 526 [165 P.2d 457], the court said, "That section [Civ. Code, § 128] requires the plaintiff in a divorce action to have been a resident of the state for more than one year . . . immediately preceding the date of the filing of the action."

The testimony of the respondent before the trial court sufficiently proved her residence in California for the time prescribed by section 128 of the Civil Code. Appellant assumes that because respondent went to Nevada for the purpose of obtaining a divorce, loss of residence in California during that time is established. Such, however, does not seem to be the law.

In *DeYoung* v. *DeYoung*, *supra*, 27 Cal.2d 521, 524, the court stated: "The acquisition of a new domicile is generally understood to require an actual change of residence accompanied by the intention to remain either permanently or for an indefinite time without any fixed or certain purpose to return to the former place of abode. (See cases collected in. . . .) Merely abiding in a place for a definite time for a transient purpose such as obtaining a divorce, unaccompanied by any intention to remain permanently or indefinitely, is not sufficient."

We proceed now to the contention of appellant that even if residence as required by the statute was established, such fact of residence was not corroborated.

We have examined the record and while the corroborative evidence on the issue of residence was weak, in our opinion it was legally sufficient. As stated in *Ruggles* v. *Ruggles*, 43 Cal.2d 547, 548 [275 P.2d 42], "The principal purpose of the statutory requirement of corroboration is to prevent collusion, and where, as here, it is clear from the evidence that there is none, only slight additional proof is necessary."

In the case of *Ungemach* v. *Ungemach*, 61 Cal.App.2d 29 [142 P.2d 99], the appellant therein made the precise contention that is here urged. The court in that case said at page 36, "So far as corroboration is concerned, it must be remembered that the reason for this rule is to prevent collusion. In a case which is hotly contested, as the one here involved, it is obvious that no collusion existed. In such a case the corroboration required is slight and its sufficiency is largely for the trial court."

Appellant's next contention is that the trial court erred in sustaining certain objections of the plaintiff. Appellant sought to bring out on cross-examination of plaintiff the fact that plaintiff had employed Nevada attorneys and had paid them by a check in order that he might show that plaintiff had been in Nevada during the time she testified that she was in California. Plaintiff's objections to questions concerning the check and as to whether plaintiff requested her Nevada counsel to write to appellant about consenting to a divorce were sustained. Also the corroborating witness was asked by appellant's attorney if she knew that plaintiff went to Las Vegas in October 1955. Plaintiff's objection to this question was also sustained. ██ It was error to have sustained the objections to these questions, for as said in the case of *Eriksen* v. *Eriksen*, 57 Cal.App.2d 532, 536 [134 P.2d 825], "If it was necessary that plaintiff prove residence—which must be conceded—it was the right of the defendant to introduce evidence contradictory or inconsistent with her claim in that regard."

However, the error was not prejudicial. Appellant did not make any offer of proof in the court below nor on this appeal has he shown in any way how the testimony he sought to have elicited would have helped his case.

██ In 4 California Jurisprudence 2d 501-502, it is stated, "It is now settled that injury is no longer presumed from error of law, but that injury must appear to the court from an examination of the complete record, or from the intrinsic nature of the error itself."

██ We fail to understand how, from the face of the record, appellant was prejudiced by the lower court's refusal to let him show that plaintiff made and gave a check to a law firm in Nevada and that the law firm was at plaintiff's request to write Mr. Friedland about consenting to a divorce. Plaintiff, herself, had already testified that she went to Nevada to establish residence to divorce her husband and that she had hired an attorney there for that purpose. The testimony

sought to be elicited would have been merely cumulative of what plaintiff herself had already unambiguously admitted.

■ For the same reasons the error in sustaining the objection to the question asked of the corroborating witness was likewise not prejudicial. The witness did in fact testify that she did not know when plaintiff went to Las Vegas, when she arrived or left, nor did she know that plaintiff was "absent from San Mateo County for a considerable period of time."

The third contention made by appellant is that the trial court abused its discretion in granting plaintiff complete custody of the child and in denying reasonable rights of visitation to him.

■ In *Guardianship of Coughlin,* 129 Cal.App.2d 290 [276 P.2d 841], the court in affirming a denial of the mother's petition to visit children in the father's custody, at page 293 stated: "Finally, it is argued that it was an abuse of discretion for the trial court to deny appellant's petition. This argument is untenable. Trial courts have 'very extensive discretion' in matters of this kind and the conclusion arrived at by such courts in such cases will not be set aside unless the record discloses a clear abuse of discretion. [Citation.] There is substantial evidence in the instant case to support the trial court's findings and conclusion that the interests of the children would not be best subserved by the granting of the petition herein. No clear abuse of discretion appears."

■ In 16 California Jurisprudence 2d 554, it is stated: "Generally, he [the parent to whom custody is not awarded] has a right to be admitted to see the child at convenient times so as to give the child the full benefit of parental protection and care and at the same time give both parents the comfort of the child's society. . . . But the right of visitation is not absolute."

■ Turning now to an examination of the record it will be found that plaintiff testified that she had care, custody, and control of the child by a prior order of the court, that defendant had been arrested and convicted for nonsupport of the child, that she believed that if defendant were to acquire custody of the child, even for one day, that he would take him outside the jurisdiction of the court, that a friend of her husband called her and told her "One way or the other we will get the child; don't dare leave that child out of the house," that her home had been broken into several times and for that reason she had had the child taken to the home of relatives in Minnesota, and that she was afraid defendant

would harm the child. Mrs. Silver testified that defendant had threatened to get the child sooner or later "in a revengeful manner."

The record in the instant case does not reveal a clear abuse of discretion by the trial court in awarding complete custody of the child to plaintiff and in denying visitation rights to defendant.

The order of nonvisitation, of course, is not necessarily a permanent one. The court always reserves jurisdiction to modify such an order, and if upon application at a later date, a showing is made that the father has demonstrated a real interest in the child the court will then determine whether the best interests of the child require that the father be permitted to visit with him.

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.