[Civ. No. 24222.   First Dist., Div. Four.   Feb. 27, 1968.]

GLADYS MESSER, Plaintiff and Appellant, v. PAUL S. MESSER, Defendant and Respondent.

William A. Tookey for Plaintiff and Appellant.

James W. Edson for Defendant and Respondent.

CHRISTIAN, J.—Plaintiff in this divorce action appeals from orders made upon her application for custody of the parties' minor daughter. When the interlocutory decree of divorce was entered in October of 1961, the girl was about three and one-half years old; nevertheless, the court awarded custody to the father because the mother had quite recently been under commitment to a state hospital for the mentally ill. The interlocutory decree reserved the question of custody for redetermination after the lapse of one year in the expectation that an award of custody to the mother might at that time be appropriate.

Appellant has repeatedly applied to the court for a change of custody. Evidence has been taken at several hearings, and court investigators have frequently interviewed the parties and their friends and neighbors, reporting in considerable detail social and psychological factors which appeared to point one way or the other on the question of custody. By the summer of 1965, the child's custody was still with respondent

but, pursuant to stipulation, an order had been made allowing appellant to have the child with her for five weeks each summer. At the end of the 1965 visit, the mother once again sought to have custody awarded to her. The court not only denied her application; it terminated her rights of visitation under the previous order and substituted a provision that she might visit her daughter only "at the discretion of the defendant." The present appeal followed.

■ The mother contends on appeal that, since she has now recovered from her mental illness and it is conceded that neither she nor the father would be an unfit parent to have custody, effect must be given to the preference stated in Civil Code, section 138 that "other things being equal, if the child is of tender years," custody should be awarded to the mother. But it is for the trial court to determine whether "other things" are "equal" (*Stack* v. *Stack* (1961) 189 Cal.App.2d 357, 365 [11 Cal.Rptr. 177]) and to weigh all the factors which may indicate where, in the child's best interest, custody should be placed. (*Briscoe* v. *Briscoe* (1963) 221 Cal. App.2d 668 [34 Cal.Rptr. 663].) ■ One of those factors is the desirability of maintaining stability of the child's placement. (*In re Walker* (1964) 228 Cal.App.2d 217 [39 Cal. Rptr. 243].) ■ The court was also entitled to consider the anxious pleas of the little girl that she be allowed to stay with her father and paternal grandmother. Moreover, there was evidence of unwholesome tension and conflict in the mother's household.

■ An application for modification of an award of custody is addressed to the sound discretion of the trial court, and its discretion will not be disturbed on appeal unless the record presents a clear case of abuse of that discretion. (*Sanchez* v. *Sanchez* (1961) 55 Cal.2d 118, 121 [10 Cal.Rptr. 261, 358 P.2d 533] ; *In re Walker, supra,* 228 Cal.App.2d 217, 223; *Briscoe* v. *Briscoe, supra,* 221 Cal.App.2d 668, 672.) On appeal the duty of this court is to view the evidence and reasonable inferences to be drawn therefrom in the light most favorable to the successful party. (*Gobar* v. *Gobar* (1959) 175 Cal.App.2d 129, 135 [345 P.2d 480].) Thus we must not interfere where we cannot say that it was unreasonable for the court to refuse to award custody to the mother.

■ Appellant also contends that it was an abuse of discretion for the court to terminate the child's summer visits with her mother and limit the mother's rights of visitation to whatever might be allowed in the uncontrolled discretion of

the husband. The evidence is in conflict as to the effect on the child of the long, five-week visits, but there is substantial support for the trial court's implied determination that these comparatively long shifts of placement have been emotionally disruptive.

A quite different problem is presented by the order putting appellant's visits under respondent's uncontrolled discretion. An indefinite provision of "reasonable rights of visitation" is commonly used in custody orders and divorce decrees. Although such a provision can be satisfactory where the parents are able to cooperate with reasonable consideration and forbearance, an indefinite order is subject to criticism as giving the parent having custody an opportunity to impede visitation by devious and selfish methods. Moreover, where the decree is indefinite, it may make a hesitant parent reluctant to exercise his rights of visitation. (See Note (1960) 13 Stan.L. Rev. 108, 113.) The order here under consideration went further: it terminated the mother's natural right of visitation and put her in the position of begging to see her small daughter as a favor to be granted or withheld at the uncontrolled discretion of the father. The order is substantially equivalent to a complete termination of rights of visitation; if the court had made an order absolutely terminating the mother's rights, the father could still have allowed visiting if in his discretion he had cared to do so.

A parent's right to visit with his child, even though deprived of custody, ensues from parenthood. (*Clarke* v. *Clarke* (1950) 35 Cal.2d 259, 262 [217 P.2d 401].) But that right may be terminated if, in the discretion of the trial court, the best interests of the child so require. (*Friedland* v. *Friedland* (1959) 174 Cal.App.2d 874, 879 [345 P.2d 322].)

A state of facts can perhaps be imagined in which an order of the kind here under review would be in the child's best interest. But we first observe that in this case the father made no contention that anything detrimental was to be expected from normal visitation between the little girl and her mother. In a careful review of the record, including the reports of the court's investigators, we have found no evidence suggesting that the court's apparently spontaneous order is for the child's benefit. The judge did declare, "These parties have certainly availed themselves of everything the taxpayers offer free of charge in this case," and showed in other ways his understandable disapproval of appellant's perhaps too frequently renewed efforts to change the custody order. But the disapproval does not justify reprisals against

the mother's rights of visitation. Only evidence of the *child's* needs could support so drastic an order. (*Devine* v. *Devine* (1963) 213 Cal.App.2d 549 [29 Cal.Rptr. 132].)

Unhappily, more than two years have elapsed since the order appealed from was entered. The trial court should have access to evidence of intervening events before reconsidering what order, in regard to the mother's visits, will be best for the little girl.

The order denying application for change of custody and the order vacating the stipulated custody order of July 14, 1964, are affirmed. The order limiting appellant's visitation rights to whatever may be allowed by respondent is reversed with directions to take evidence at the instance of either party before entering a further order.

Devine, P. J., and Rattigan, J., concurred.