Filed 4/9/21  S.B. v. W.B. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| S.B.,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>W.B.,<br><br>Defendant and Respondent. | F080028<br><br>(Super. Ct. No. 07CEFS02501)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Robert Mangano, Judge.

S.B., in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

In this child custody dispute, the child's mother, S.B., appeals from an order of the trial court granting sole legal and sole physical custody of the child to W.B., the child's father.  The order also granted to S.B. visitation and/or parenting time with her child on

---

[*]        Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

two weekends per month. S.B. claims the trial court abused its discretion because there was no showing of changed circumstances to permit the court to modify the parties' preexisting joint custody arrangement. However, fatal to S.B.'s appeal is the fact that she has failed to provide this court with an adequate record from which to meaningfully evaluate the merits of her claim of error. In view of this basic failure, S.B.'s burden as the appellant remains unmet and the presumption that the order of the trial court is correct prevails. Accordingly, while we provide some guidance to the parties with respect to future modification requests, the order of the trial court is hereby affirmed.

## FACTS AND PROCEDURAL HISTORY

The parties are the mother and father of a minor daughter, born in 2006. In 2008, after W.B. stipulated he was the child's biological father, the trial court ordered W.B. to pay child support. At that time, the trial court initially ordered joint legal and physical custody, "with mother having primary custody." Although the record is far from clear, it appears this custody arrangement was ordered pursuant to stipulation of the parties.

At various times, the trial court continued or confirmed this joint custody arrangement by subsequent orders, including an order issued on July 12, 2018. By the time of that order, W.B. had requested a contested hearing on the issue of child custody. The trial court granted the hearing request. However, the trial court postponed the contested hearing on child custody because the court decided it would be best to first have a resolution of the matter of whether S.B. was guilty of contempt for willful violation of the trial court's existing custody and visitation order.

On January 3, 2019, following a hearing on an order to show cause regarding contempt, S.B. was found to be guilty on several counts of contempt of court for willfully violating the trial court's prior custody and visitation order.

A contested hearing on child custody was held on May 30, 2019. Both parties appeared and testified. Additionally, the trial court and the parties received a report and recommendation prepared by the family court mediator. At the conclusion of the

2.

hearing, the trial court stated it would follow the mediator's recommendations. On May 30, 2019, the trial court issued its order regarding child custody, visitation and parenting time. The May 30, 2019 order granted to W.B. sole legal and sole physical custody of the parties' daughter, while S.B. was to have parenting time/visitation on the first and third weekends of each month.

Following an unsuccessful motion for reconsideration,[1] S.B. then filed the present appeal challenging the validity of the May 30, 2019 custody order. We note that no respondent's brief has been filed herein; therefore, we shall proceed to decide the appeal on the existing record, the opening brief, and the argument presented by appellant. (See Cal. Rules of Court, rule 8.220(a)(2).)

## DISCUSSION

### I. Standard of Review

A request for modification of child custody is ordinarily subject to the changed circumstances rule. As our Supreme Court has explained: "Once the trial court has entered a final or permanent custody order reflecting that a particular custodial arrangement is in the best interest of the child, 'the paramount need for continuity and stability in custody arrangements—and the harm that may result from disruption of established patterns of care and emotional bonds with the primary caretaker—weigh heavily in favor of maintaining' that custody arrangement. [Citation.] In recognition of this policy concern, we have articulated a variation on the best interest standard, known as the changed circumstance rule, that the trial court must apply when a parent seeks modification of a final judicial custody determination. [Citation.] Under the changed circumstance rule, custody modification is appropriate only if the parent seeking modification demonstrates 'a significant change of circumstances' indicating that a

---

[1]    The motion for reconsideration was denied because there were no new facts, circumstances or law presented. That denial is not challenged in the present appeal.

3.

different custody arrangement would be in the child's best interest. [Citation.] Not only does this serve to protect the weighty interest in stable custody arrangements, but it also fosters judicial economy. [Citation.]" (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 956.)

However, the changed circumstances rule does not apply unless there has been a final or permanent custody order (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256), such as where a custody determination has been made after a contested evidentiary hearing on the merits. (See *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1360.) Where there was only a temporary pretrial order, or where the order was a stipulated custody order that was not intended as a final or permanent custody determination, the rule is not triggered. (*Montenegro v. Diaz*, *supra*, 26 Cal.4th at p. 258; see, e.g., *In re Marriage of Lewin* (1986) 186 Cal.App.3d 1482, 1487–1488.)

The standard for appellate review of custody determinations is deferential abuse of discretion. (*Montenegro v. Diaz*, *supra*, 26 Cal.4th 249, 255; *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) Accordingly, the trial court's ruling will not be disturbed on appeal unless a clear abuse of discretion has been shown. (*Messer v. Messer* (1968) 259 Cal.App.2d 507, 509.) We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the prevailing party. (*Ibid*.) In general, the test for abuse of discretion is whether the trial court exceeded the bounds of reason, all the circumstances before it being considered. (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.) Additionally, an abuse of discretion will be found if the trial court applied the wrong legal standard to the issue at hand. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 85.)

## II. S.B.'s Failure to Meet Fundamental Burden on Appeal

Here, S.B. argues the trial court was required to apply the changed circumstances rule but failed to do so when child custody was modified under the court's May 30, 2019 order. Additionally, there was allegedly no evidence presented at the May 30, 2019

4.

hearing that was sufficient to constitute a substantial change of circumstances. For these reasons, S.B. argues the trial court abused its discretion.

Preliminarily, we note that S.B. has provided no analysis or discussion on the threshold question of whether the former custody order— which had provided for joint legal and physical custody of the parties' daughter—was intended to constitute a final or permanent determination on custody. The prior order as iterated in 2018, a copy of which is included in the appellate record, is not clear or explicit on that point. Arguably, the considerable length of time during which the parties' joint custody arrangement had been maintained (i.e., since 2008) would be a factor suggesting a final custody order was intended, rather than one that was temporary or provisional. (See *Montenegro v. Diaz*, *supra*, 26 Cal.4th at p. 259 [conduct of the parties may indicate whether prior order was intended as a final judgment as to custody]; *Burchard v. Garay* (1986) 42 Cal.3d 531, 538 ["When custody continues over a significant period, the child's need for continuity and stability assumes an increasingly important role."].)

In any event, assuming there was a final custody order in place, we are unable to evaluate the merits of S.B.'s claim of error due to the inadequacy of the record on appeal. For example, we do not know whether the trial court made findings as part of the record below. The May 30, 2019 custody order does not indicate whether the trial court applied the changed circumstances rule or not, nor does it state what the dispositive factual grounds were for that order or whether there were any changed circumstances justifying a modification of custody.[2] The corresponding minute order is similarly unrevealing. It merely indicates the trial court decided to follow the report and recommendation of the

---

[2] S.B. could have, but apparently did not, request a statement of decision that would have required the trial court to explain the factual and legal basis for its decision. (See Code Civ. Proc., § 632; Fam. Code, § 3022.3.) Although the trial court was not required to set forth the reasoning for its ruling in its written order, it would have been helpful on appeal given that we do not have the benefit of a reporter's transcript.

mediator, but it tells us nothing of the standard applied by the trial court or what particular facts or circumstances were found to exist that may have been dispositive.

Since neither the May 30, 2019 custody order nor the corresponding minute order establish that the trial court failed to apply the changed circumstances rule, it is necessary to consider the *remainder* of the record on appeal. However, for several reasons, that record is incomplete and inadequate to demonstrate the error asserted by S.B. in her appeal. Importantly, the record on appeal does not include either a reporter's transcript or a settled statement to provide this court with a record of the oral testimony and argument presented at the May 30, 2019 contested hearing. Without such information, this court cannot ascertain whether the trial court failed to apply the correct standard or whether any evidence of changed circumstances was presented at the hearing. In addition, we have not been provided other relevant documents, such as W.B.'s trial brief and exhibits submitted in connection with the May 30, 2019 contested hearing.

By order augmenting the appellate record, this court recently obtained from the superior court clerk a copy of the confidential mediator's report and recommendation submitted at the hearing. That document was transmitted to this court in a manner to preserve its confidentiality. As noted, according to the minute order of the contested hearing, the trial court adopted the mediator's report and recommendation. Unfortunately, however, based on our careful review of that document, it does not shed light on or otherwise assist this court in ascertaining the standard applied by the trial court or the evidentiary basis or grounds for the trial court's ruling.

We note that S.B.'s demeanor at oral argument reflected a mother who loves her minor child and cannot understand why the custody arrangement concerning her child, who primarily resided with S.B. since the child's birth in 2006 under a joint custody arrangement, was dramatically altered. She asserts that the trial court did not adequately explain why it changed custody.

6.

This court is not unsympathetic to S.B.'s lament. However, as a reviewing court, our options are limited. On this record, we have no way of knowing the standard that was applied or the dispositive factual ground for the trial court's ruling. According to the argument in S.B.'s opening brief on appeal, the trial court improperly modified custody based *solely* on fabricated information that her daughter's grades in school were suffering, but we have no way of knowing from the record on appeal that the daughter's grades were one of the grounds, much less the sole ground, for the trial court's May 30, 2019 custody order. In conclusion, the record on appeal is incomplete and materially inadequate as we have explained above, and as a result we are unable to meaningfully review (i) whether the trial court failed to apply the changed circumstances rule, or (ii) whether there was insufficient evidence presented at the hearing to show changed circumstances. As more fully explained below, this basic failure by S.B. to provide an adequate record to support her appeal requires that we affirm the order of the trial court.

A fundamental principle of appellate procedure is that a judgment or order of the trial court is *presumed* to be correct, and thus an appellant has the burden to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed a reversible error. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 355, p. 409.) "All intendments and presumptions are indulged to support [the order appealed from] on matters as to which the record is silent, and error must be *affirmatively* shown." (*Denham v. Superior Court*, *supra*, at p. 564, italics added.) That is, "[i]n the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. '[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' " (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) "This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error." (*Foust v. San Jose Construction Co., Inc*. (2011) 198 Cal.App.4th 181, 187.) " 'A necessary corollary to

7.

this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)  "Consequently, [the appellant] has the burden of providing an adequate record.  [Citation.]  Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)  As recently summarized by our Supreme Court, where the order appealed from resulted from an evidentiary hearing or trial, the "lack of a verbatim record of such proceedings" such as a reporter's transcript will ordinarily be "fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court."  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608.)  "This is so because it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, *on the basis of the record presented to the appellate court*, that the trial court committed an error that justifies reversal of the judgment."  (*Id*. at pp. 608–609, italics added.)

Based on the foregoing authority, S.B.'s appeal cannot succeed.  Her failure to provide an adequate record on appeal means that she failed to meet her fundamental burden as the appellant to affirmatively demonstrate reversible error, and accordingly, the presumption that the order of the trial court is correct prevails.  Therefore, on this record, the order of the trial court must be affirmed.

Additionally, although unnecessary to our decision, we observe the record before us discloses a *possible* basis to support a change of circumstances.  As previously noted, the trial court's register of actions indicates that S.B. was found guilty of contempt of court for failing to abide by the terms of the prior custody and visitation order.  In fact, the trial court postponed the contested hearing on custody to allow the contempt proceedings to be completed.  It is recognized that deliberate interference with the visitation rights of the noncustodial parent may constitute a change of circumstances that

8.

would justify a modification of custody. (*In re Marriage of Wood* (1983) 141 Cal.App.3d 671, 682; *Speelman v. Superior Court* (1983) 152 Cal.App.3d 124, 132; See *Jane J. v. Superior Court* (2015) 237 Cal.App.4th 894, 907; *Moffat v. Moffat* (1980) 27 Cal.3d 645, 652.) We do not know if this was the basis for the court's order.[3] Even so, our disposition of this appeal is based on the failure to provide an adequate record.

### III. Additional Proceedings Not Precluded

Because past custody orders entered in this matter, including the May 30, 2019 order appealed from, failed to disclose the legal standard being applied by the trial court and also failed to indicate whether a permanent custody order was intended, it is possible the trial court's May 30, 2019 order was not intended as a permanent custody order. If it was merely intended as a temporary expedient and not a permanent custody order—for example, to encourage S.B. to more consistently show up on time to the scheduled drop-off and pick-up times—then any future modifications might be sought by either party under the best interests of the child standard. (*Montenegro v. Diaz*, *supra*, 26 Cal.4th at pp. 256, 258 [change of circumstances rule only applicable if there is a final or permanent custody order].) Because of its significance to the rights of the parties, we believe that if any subsequent modification request is made by either party in the trial court concerning the custody order, the trial court should at its earliest opportunity clarify whether the May 30, 2019 custody order was intended to constitute (i) a permanent custody order that cannot be changed unless a showing of changed circumstances were to be made, or (ii) a

---

[3] During oral argument, S.B. described circumstances pertaining to reasons she was tardy on several occasions in delivering their child to W.B. at precise times and having to contend with reports to law enforcement by W.B. when she was tardy. We do not know whether the court below relied upon breaches of its order as a primary reason for removing legal custody and limiting visitation.

9.

nonpermanent custody order that may be modified under the ordinary best interests of the child standard.

Regardless of whether the May 30, 2019 order was intended by the trial court to constitute a permanent custody order, we note that either party may seek modification of his or her *parenting time* and/or *visitation time* in the trial court under the best interests of the child standard without needing to show a change of circumstances. (*In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1072, 1077; *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1378–1382; accord, *In re Marriage of Birnbaum* (1989) 211 Cal.App.3d 1508, 1513.)

## **DISPOSITION**

Because S.B. has failed to affirmatively demonstrate a reversible error based on an adequate record, the trial court's custody order is affirmed. S.B. must bear her own costs on appeal.