Filed 9/23/20  Fuentes v. Velasquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOSEPH FUENTES,<br><br>　　　Appellant,<br><br>　　　　　v.<br><br>SERINA VELASQUEZ,<br><br>　　　Respondent. | F077838<br><br>(Super. Ct. No. SFL-16-000203)<br><br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kern County.  Dawn Bittleston, Temporary Judge.

Joseph Fuentes, in pro. per., for Appellant.

No appearance for Respondent.

-ooOoo-

Under a prior child custody order, Joseph Fuentes and Serina Velasquez shared joint legal and joint physical custody of their two minor children.[1]  Under that order, while each parent had significant custody or visitation time, Serina had primary care and control of the children during the school year.  Thus, the children primarily resided with

---

[1]　We refer to the parents by the first names for convenience; no disrespect is intended.

Serina during the school year and attended a school she designated near her residence in Bakersfield. Joseph became dissatisfied with this arrangement and filed a petition in the trial court to modify the then existing custody order. He alleged among other things that Serina was neglecting the children's education since the children had been truant or tardy to school on several occasions. Joseph's petition requested a change in custody to have the children (i) reside with him in Wasco and (ii) attend a school of his choice closer to his Wasco home. Before adjudicating the petition, the trial court elected to appoint minors' counsel to represent the children. After a full hearing on the merits, the trial court denied Joseph's request to modify custody and schooling. In so ruling, the trial court continued the parents' joint legal and joint physical custody, continued to give Serina the right to choose a school for the children, and also made some adjustments to the co-parenting and visitation schedule in accordance with what had been recommended by minors' counsel.

Joseph filed the present appeal. Although his appeal was taken from a subsequent order that denied his motion for reconsideration, for reasons we shall explain, the appeal will be treated as being from the trial court's main order or ruling denying Joseph's underlying petition. On the record before us, we conclude the trial court's decision on the petition, including resolution of the co-parenting, schooling and other issues, was well within the court's broad discretion to determine what was in the best interests of the children. Moreover, Joseph has failed to affirmatively demonstrate that any reversible error was committed by the trial court in denying Joseph's petition. Accordingly, the order of the trial court is hereby affirmed.[2]

---

[2]    No respondent's brief has been filed by Serina. Thus, we "may decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2); see *Conness v. Satram* (2004) 122 Cal.App.4th 197, 200, fn. 3.)

# FACTS AND PROCEDURAL HISTORY

## The Preexisting Custody Order When Joseph's Petition Filed

Joseph and Serina have two minor children, both daughters. The older daughter was born in 2010, and the younger daughter in 2012. In 2016, sometime after Joseph and Serina had separated, Joseph filed a request that he be granted custody and Serina be allowed visitation. In response, Serina filed her own request to have custody, with Joseph to have visitation. A court trial was held on February 10, 2017, to decide the custody issues and other matters.

On March 7, 2017, the trial court issued its ruling and order following a court trial. In the March 7, 2017 order, the trial court (Hon. Marcos R. Camacho) granted joint legal custody and joint physical custody of the children to Joseph and Serina. However, during the school year, Serina was to have primary custody of the children and the children would attend the school designated by Serina near her residence in Bakersfield. The trial court held this was in the best interest of the children, noting the older daughter was already attending school there, had adapted to it and was doing well, and it was best to have the younger daughter attend the same school as her sister. During the school year, Joseph would have the children at his residence in Wasco on weekends from Friday after school until Sunday at 8:00 p.m., and for a midweek visitation each Wednesday after school to Thursday at 8:00 p.m.

A judgment was entered by the trial court, based on the March 7, 2017 order, on June 29, 2017.

## Joseph's Petition to Modify Custody

On August 21, 2017, Joseph filed a petition to substantially modify the existing custody or co-parenting arrangement. In his petition, he sought to change custody, visitation, and the children's school. He requested that he be awarded both legal and physical custody of the children, who would then reside with him at his home in Wasco and go to school in that area at a school of his choice. He asserted this would be in the

3.

best interest of the children because he could provide a more stable home where school attendance would "be first priority." On the issue of school attendance, documents from the children's Bakersfield school were attached to the petition indicating there had been several instances the children were late arriving to school or were deemed to be truant.

Also attached to the petition were documents that Joseph indicated were from a Child Protective Services investigation of Serina. We note that even if accurate, it appears from the documents themselves that the investigation did not find any actionable neglect or wrongdoing, Joseph's accusation that Serina had been verbally or physically aggressive with him was deemed inconclusive, and the entire matter was closed.

On August 24, 2017, Serina filed her own request for an order, apparently seeking to change some aspects of the existing custody and visitation schedule. The record on appeal does not include a copy of Serina's request, but it was subsequently considered by the trial court on the same hearing date as Joseph's petition.

## Minors' Counsel Appointed

By an order filed on October 27, 2017, the trial court appointed an attorney to serve as minors' counsel to represent the interests of the minor children in connection with the custody proceedings, pursuant to Family Code section 3150 et. seq. The factors leading the trial court to appoint minors' counsel in the proceedings below included the children's school attendance/truancy issues and the fact that on certain occasions Serina had failed to timely comply with the visitation schedule provided in the existing order, which noncompliance interfered with Joseph's visitation of the children. We note the order appointing minors' counsel together with the relevant statutory provisions (see Family Code, §§ 3150–3152) authorized the person so appointed (here, attorney Natasha Segura-Webb) to interview the children and parents, review documents and records, and otherwise investigate the facts affecting the interests of the minor children, and finally, to present arguments and recommendations to the court.

4.

**Minors' Counsel's Recommendations**

On February 16, 2018, minors' counsel presented her interim recommendations to the trial court. The recommendations included the following: (1) continue joint legal and joint physical custody, with Serina retaining primary custody; (2) the father's weekly visitation or co-parenting time would be adjusted to Thursday after school until Sunday at 6:00 p.m.; (3) each party would be specifically ordered to ensure the children's timely and regular school attendance; and (4) Serina's significant other would be expressly prohibited from transporting the children. The latter recommendation was based on an alleged incident in which Serina's significant other may have driven the two minor children while he was intoxicated. The interim recommendations were immediately put in place by order of the trial court.

The recommendations for an adjusted visitation schedule, earlier return or pick-up times and requirement that both parties ensure timely school attendance were apparently presented by minors' counsel as means to help resolve the attendance issues.

**Hearing on Joseph's Petition to Modify Custody**

The hearing on Joseph's petition to modify custody, which sought to change the parties' parenting or visitation arrangements and change the children's school, was held by the trial court (Hon. Dawn Bittleston, Temporary Judge) on April 6, 2018. At the hearing, the trial court heard testimony from Joseph and Serina, received documents and heard argument from the parties as well as from minors' counsel.

Because there was no reporter's transcript of the oral proceedings at the hearing, the trial court approved a settled statement. Before doing so, minors' counsel submitted a *proposed* settled statement—at the trial court's request—to help begin the process. The proposed settled statement prepared by minors' counsel included a summary by said counsel of her recollection of the testimony of both parties, including a summary of Serina's testimony providing her perspective of what happened and the relevant cross-examination of Joseph by minors' counsel. Among other things, minors' counsel's

proposed settled statement indicated Serina had testified at the hearing to the effect that (i) on the occasions she failed to timely drop off the children for visitation, she had been experiencing car trouble, (ii) concerning the children's school attendance, she believed an important factor was the late drop-off times on nights before school, and (iii) her significant other did not drive while intoxicated. Minors' counsel's proposed settled statement also included a brief synopsis of her cross-examination of Joseph, which minors' counsel believed would arguably allow the inference that Joseph may have been at fault in some of the instances of the children's tardy attendance. *However*, Joseph took issue with most of the summary set forth in minors' counsel's proposal, and Serina did not appear at the settled statement hearing. Consequently, very little common ground was found as to what transpired at the hearing on the petition. The trial court was required to include only those few items that Joseph and minors' counsel could both agree had occurred at the hearing. The result was a sparse and minimalistic settled statement. Nonetheless, it was approved by the trial court.

According to the settled statement, at the hearing on the petition Joseph stated his concerns about the children's school attendance, and he also noted the existence of the prior investigation of Serina by Child Protective Services. There were apparently additional truancy notices issued by the children's school in the Fall of 2017, but it was agreed there were no further "tardies" by either child after October 31, 2017. Joseph claimed the attendance issues had been solely Serina's fault, and he stated the children should reside with him in Wasco and attend a charter school known as Grimmway Academy in Shafter. Joseph also reiterated that there was an alleged incident in which Serina's significant other had purportedly driven the children while he was intoxicated. Joseph did not dispute that minors' counsel presented certain recommendations at the hearing, including that each parent be required to ensure the children's timely school attendance and that Serina's significant other be prohibited from driving the children. The settled statement included almost nothing of Serina's testimony at the hearing, other

6.

than to acknowledge that she testified *both* parties were to blame for the attendance issues.

Additionally, at the hearing on the petition, the final recommendations presented by minors' counsel were apparently essentially the same as her interim recommendations, which we have described hereinabove, but she added that Joseph's weekend visitation should be extended until Monday morning. On the choice of school issue, minors' counsel did not believe that a change of the children's school was something that should be imposed by the court.

## The Trial Court's Ruling on the Petition

The trial court issued its ruling on the petition by a written minute order filed on April 17, 2018. In the trial court's ruling, it emphasized that it had the prerogative and responsibility to weigh the evidence and make credibility determinations, and to reach a decision based on the best interests of the minor children. Applying that standard, the trial court determined that the two parents, Joseph and Serina, would continue to have joint legal and joint physical custody. The children's primary residence would remain with Serina, who would have final authority in decisions relating to the children's schooling. Accordingly, Joseph's requests relating to custody and schooling were denied. Further, some adjustments were made by the trial court to the co-parenting schedule. Joseph would have custody of the children on the first, third and fourth weekends of each month, weekends being measured from Thursday after school to Monday return to school. Joseph would also have physical custody of the children on the second and fifth Thursday of each month measured from Thursday after school until Friday return to school.

Other orders contained in the trial court's ruling included that both parents were required to ensure the children's timely attendance to school, and that Serina's significant other was prohibited from driving the children.

Serina was instructed to prepare a final written order.

7.

**Motion for Reconsideration**

Because Serina did not prepare a final written order, Joseph submitted his own proposed order under California Rules of Court, rule 5.125. However, the proposed order submitted by Joseph was contrary to the trial court's actual ruling as set forth in the April 17, 2018 minute order, and essentially sought to change the outcome from a denial of Joseph's petition to having it granted. Joseph also filed written objections to the trial court's ruling set forth in the April 17, 2018 minute order. The trial court construed Joseph's papers as, in substance, a motion for reconsideration, and a hearing was scheduled for June 29, 2018. On June 29, 2018, the trial court (i) denied the motion for reconsideration, and (ii) ordered that all previous terms and conditions of the custody arrangement as previously determined (i.e., its April 17, 2018 minute order) would remain in full force and effect.

**Joseph's Appeal**

Joseph's notice of appeal was filed on July 10, 2018. The notice of appeal indicated it was taken from the trial court's June 29, 2018 order. That order reflected the court's denial of the motion for reconsideration, which is not separately appealable. (Code Civ. Proc., § 1008, subd. (g).) However, because the trial court's April 17, 2018 minute order had expressly contemplated a formal written order would be prepared and filed by Serina, which was never done (see *Herrscher v. Herrscher* (1953) 41 Cal.2d 300, 305–306 [noting effect of such failure]), and Joseph initiated the procedure to obtain a final written order under California Rules of Court, rule 5.125, it appears that the April 17, 2018 minute order did not become the final order of the court *until* the entry of the June 29, 2018 order. That is, the June 29th order, reasonably construed, *both* denied Joseph's motion for reconsideration *and* confirmed its prior custody ruling as set forth in the minute order. Therefore, liberally construing the notice of appeal in favor of validity (see *In re Marriage of Macfarlane & Lang* (1992) 8 Cal.App.4th 247, 252; *Collins v. San Francisco* (1952) 112 Cal.App.2d 719, 722 [stating rule of liberal construction]), we treat

Joseph's appeal as challenging the terms of the April 17, 2018 minute order which became final on June 29, 2018.

## DISCUSSION

### I. Standard Applicable to Joseph's Request to Modify Existing Custody Order

A request for modification of custody is ordinarily subject to the changed circumstances rule. As our Supreme Court has explained: "Once the trial court has entered a final or permanent custody order reflecting that a particular custodial arrangement is in the best interest of the child, 'the paramount need for continuity and stability in custody arrangements—and the harm that may result from disruption of established patterns of care and emotional bonds with the primary caretaker—weigh heavily in favor of maintaining' that custody arrangement. [Citation.] In recognition of this policy concern, we have articulated a variation on the best interest standard, known as the changed circumstance rule, that the trial court must apply when a parent seeks modification of a final judicial custody determination. [Citation.] Under the changed circumstance rule, custody modification is appropriate only if the parent seeking modification demonstrates 'a significant change of circumstances' indicating that a different custody arrangement would be in the child's best interest. [Citation.] Not only does this serve to protect the weighty interest in stable custody arrangements, but it also fosters judicial economy. [Citation.]" (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 956.)

However, "the changed circumstance rule does not apply when a parent requests only a change in the parenting or visitation arrangement not amounting to a change from joint custody to sole custody, or vice versa. Instead, the trial court considers a request to change the parenting or visitation arrangement under the best interests of the child standard." (*In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1072.) Thus, where a party requests a modification that would merely involve an adjustment to the parenting or visitation schedule—such as the particular days or times the children would reside with

9.

one parent rather than the other each week—and assuming the request would not cause a de facto alteration to the parents' basic custody arrangement (here, joint legal and joint physical custody), the appropriate test is simply the best interest of the children and not the changed circumstance rule. (*Id*. at p. 1077; *Enrique M. v. Angelina V*. (2004) 121 Cal.App.4th 1371, 1378–1382 [best interest standard, not the changed circumstance rule, applied where request was to change co-parenting residential arrangement and schooling schedule]; accord, *In re Marriage of Birnbaum* (1989) 211 Cal.App.3d 1508, 1513.) However, a request to modify the visitation or parenting schedule that amounts to a de facto change from joint physical custody to sole physical custody *is* subject to the changed circumstances rule. (See *In re Marriage of Lucio*, *supra*, at p. 1080.)

Here, an existing final custody order *was* in place when Joseph filed his petition. Although the petition could be construed as seeking a fundamental change from joint physical custody to sole physical custody, Joseph denied that was the case. We agree with Joseph's more modest assessment of the scope of his petition. Rather than seeking to change the basic joint custody structure, it appears the issues raised by his petition were: should the children primarily reside with Joseph rather than Serina during the school year within the overall context of their joint custody, and should the children's school be changed to one of Joseph's choosing. Thus, the requested changes were more in the nature of adjustments to parenting arrangements and visitation schedules, rather than a fundamental modification of custody. The trial court appeared to agree, since it applied only the straightforward best interest of the children test. We conclude the appropriate standard in this case was the best interest of the children.

## II. No Abuse of Discretion Shown in the Denial of Plaintiff's Petition

Where, as here, the trial court was requested to resolve a dispute between parents in a joint custody context on issues of potential adjustments to the parenting or visitation schedule, the trial court possesses "the broadest possible discretion" in deciding such disputed issues. (*In re Marriage of Birnbaum*, *supra*, 211 Cal.App.3d at p. 1518.) It is

10.

well established the standard of appellate review of custody and visitation determinations is deferential abuse of discretion. (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.) The trial court's ruling will not be disturbed on appeal unless a clear abuse of discretion has been shown. (*Messer v. Messer* (1968) 259 Cal.App.2d 507, 509.) We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the prevailing party. (*Ibid.*) In general, the test for abuse of discretion is whether the trial court exceeded the bounds of reason, all the circumstances before it being considered. (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.) In reviewing a custody or visitation order, we focus on whether the trial court could have reasonably concluded that the order in question advanced the best interests of the children. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) We are required to uphold the ruling if it is correct on *any* basis, whether or not that basis was actually invoked. (*Ibid.*)

Applying the deferential abuse of discretion standard here, it is clear that no abuse has been shown by Joseph. To the contrary, on this record we have no difficulty finding the trial court could have reasonably concluded its order denying Joseph's petition and resolving the related issues before it advanced the best interests of the children. In that regard, we would observe that in the trial court's prior custody order, issued only months before Joseph filed his petition, a determination was made by the court that attending the school near Serina in Bakersfield was in the children's best interest, in part due to the fact that the older daughter was adjusting well to that school and it would be best to have the younger daughter attend the same school as her sister. Joseph's petition suggested that this was no longer the case, relying primarily on the notices from the school that the children had instances of tardy attendance and truancies. However, the trial court could have concluded otherwise, particularly when it was both reasonable and plausible under the circumstances that the attendance issues may have been related to the late pick-up and drop-off times under the former order. That was also consistent with Serina's testimony, as reported in the settled statement, that both parties were at fault concerning the

11.

children's school attendance.  Furthermore, the trial court was entitled to accept the recommendations of minors' counsel concerning such issues.  That is, it was well within the trial court's sound discretion to conclude, consistent with minors' counsel's recommendations, that sensible adjustments to the visitation schedule, along with requiring both parties to ensure timely school attendance, would alleviate those concerns.  Additionally, the trial court could also reasonably have decided that the alleged incident of Serina's significant other driving the children while intoxicated was adequately addressed by prohibiting him from ever driving the children.  As to the documents indicating a purported Child Protective Services investigation, even if accurate, the trial court would be warranted to place little or no value upon an investigation that was inconclusive, made no findings of wrongdoing and was dismissed.  For all these reasons, we hold the trial court could reasonably have concluded its ruling would further the children's best interests, and therefore the court did not abuse its broad discretion as a matter of law.

Moreover, the order of the trial court denying Joseph's petition is presumed correct, all intendments and presumptions are indulged in its favor, and it was Joseph's burden on appeal to affirmatively demonstrate error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Joseph has failed to meet his considerable burden in this matter of affirmatively demonstrating that a reversible error occurred in the form of a prejudicial abuse of discretion.  Strongly disagreeing with the court's ruling is one thing; demonstrating reversible legal error is another.

In summary, we find no abuse of discretion because (i) the trial court could have and did reasonably conclude its ruling was in the best interests of the children, and (ii) Joseph has failed to meet his burden of clearly and affirmatively demonstrating that any prejudicial error or abuse of discretion occurred.

### III. Other Issues Raised Fail to Show Grounds for Reversal

We briefly discuss several discrete arguments or issues apparently raised by Joseph in his opening brief, to the extent they are intelligible.

First, Joseph argues the trial court did not treat him fairly in the process of arriving at a settled statement. The trial court had asked minors' counsel to prepare a proposed settled statement as a starting point for the process. Joseph fails to explain how he was prejudiced. He appears to disagree with certain items in the proposed settled statement, but he had every opportunity to make changes, disagree, or provide any further input he wanted. Further, the trial court plainly considered Joseph's input, because the finally approved settled statement was very different than minors' counsel's proposal. Joseph also appears to argue the settled statement approved by the trial court did not adequately provide a statement of the points being raised by him on appeal. Even if true, Joseph was not prejudiced thereby, since he had ample opportunity to present any grounds for his appeal to this court in his opening brief.

Second, Joseph argues the trial court should not have heard or considered Serina's request for order at the same time as his petition because, allegedly, the trial court had previously denied Serina's request. Joseph has failed to show with an adequate record that the identical request for order by Serina had been previously denied by the trial court. Furthermore, Joseph has failed to adequately explain how he was prejudiced by the trial court's consideration of Serina's request.

Third, Joseph disagrees with the trial court's implicit conclusion that Serina was not solely responsible for the children's tardy school attendance, and he generally asserts there were records or other evidence within the trial court's purview that should have led to a different conclusion on that issue and other issues before the court. Joseph has failed to provide adequate legal discussion, supported by citation to relevant authority and the record, demonstrating any prejudicial error. (See *Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418 [inadequate legal discussion on appeal waives issue]; *Bank of*

*America, N.A. v. Robert*s (2013) 217 Cal.App.4th 1386, 1399 [inadequate or perfunctory argument deemed forfeited].) Moreover, Joseph is here simply disagreeing with the trial court's outcome by, in substance, rearguing his petition. But, as we have already explained at length herein, the trial court's ruling on the petition was reasonable and did not constitute an abuse of its discretion, which conclusion proves dispositive of this appeal.

## **DISPOSITION**

The order of the trial court is affirmed. Joseph must bear his own costs on appeal.


LEVY, Acting P.J.

WE CONCUR:


MEEHAN, J.


SNAUFFER, J.

14.